POOCK ET AL. *v.* THE LAFAYETTE BUILDING ASSOCIATION.

No. 7207.

PROMISSORY NOTE —*Liability of Maker to Building Association of Which he is not a Member.*—*Ultra Vires.*—An answer, in a suit upon a promissory note, by the makers, alleging that the plaintiff, a corporation, exceeded its powers in loaning the money, for which such note was given, to one not a member thereof, is no bar to a recovery thereon.

SUPREME COURT.—*Practice*—Where a defendant, after issue is joined on a paragraph of answer, files another paragraph, to which a demurrer is sustained, and, upon refusing to answer further, the court renders judgment against him, such judgment is erroneous; but, where no exception is taken thereto, and no demand is made for a trial on the issue joined, and no motion made to set aside such judgment, such error is not available for the first time in the Supreme Court.

From the Tippecanoe Circuit Court.

*I. Parsons* and *A. Parsons*, for appellants.

*G. O. Behm* and *A. O. Behm*, for appellee.

WOODS, J.—The appellee recovered judgment below against the appellants Johnson and Glick, and against Charles H. L. Poock, who does not join in the appeal.

The errors assigned have reference to rulings of the court made against Johnson only.

The court overruled Johnson's demurrer to the complaint, and sustained demurrers to several paragraphs of his answer; but on these rulings a single question is made.

It is claimed that the note sued on, which bears date June 14th, 1877, was given for money loaned by the appellee to said Poock, who was not a member or stockholder in said corporation; that Johnson and Glick signed the note as sureties only for said Poock; and upon these facts, and under the provisions of the act of March 11th, 1875, it is claimed that the company's right to make loans is limited to its own stockholders; and it is further insisted that the statute of March 13th, 1877, section 1, makes no material amendment to section 3 of the statute of March 11th,

1875, except that it provides for personal security on loans to stockholders; "and it is further claimed that said act of 1877 is void, because it mis-recites the date of the approval of the act which it proposes to amend, the recital being, approved March 11th, 1873, whereas it should read 1875."

There is no mistaking what act was intended to be amended, the whole title being correctly set out, and we should hardly deem it necessary or justifiable to annul an act on so narrow ground as is suggested. However, we need decide nothing in this respect.

If it were conceded, as counsel claim, that appellee exceeded its powers in making the loan and taking the note in suit, it does not follow that the note should not and can not be enforced against the makers. Appellants and their principal were under no incapacity to borrow, and to give their note for the amount of the loan, and their unwillingness to pay, according to their promise, can not be justified under a plea that the lender had no right to give the credit. The law may have its reproaches, but this is not one of them. See authorities cited and largely quoted in the case of *The State Board of Agriculture* v. *The Citizens Street Railway Co.*, 47 Ind. 407; *National Bank* v. *Matthews*, 8 Otto, 621.

It is claimed that the "court erred in rendering final judgment against said appellant Francis Johnson, when there were issues of fact joined between him and the appellee, said issues then and yet remaining undisposed of."

The record shows that Johnson filed an answer of general denial and three or four special pleas, to which demurrers were sustained, except one to which the plaintiff filed a reply in general denial, and Johnson then filed another paragraph of answer, to which a demurrer was sustained; whereupon Johnson refused to plead further, and the other defendants, being under rule to answer, also re-

fused to plead, and the court then rendered judgment against all, and in favor of the plaintiff, for the amount of the note, interest and costs. As against Johnson, this was clearly erroneous, but he took no exception to the action of the court, made no claim for a trial of the issues so joined, and made no motion to have the judgment set aside. The question can not be raised in the first instance in this court. Hardly a better illustration could be suggested to show the propriety of the rule which requires that the *nisi prius* courts be given a chance to correct their errors, before the same can be taken to the appellate court.

The judgment of the Superior Court is affirmed, with costs.