[No. 1040. Decided November 24, 1893.]

E. MAIN AND C. H. WINCHESTER *et al.*, *Respondents*, v. O. W. JOHNSON *et al.*, *Defendants*, AND A. F. HOSKA, *Appellant.*

7    391
†20   707

ACTION ON PROMISSORY NOTE — PARTIES — JUDGMENT — ATTORNEY FEES — EXECUTION OF NOTE ON SUNDAY — APPEAL — ERROR NOT RAISED BELOW.

An endorser of a promissory note may, under § 146, Code Proc., be joined as defendant in an action against the makers.

Judgment by default against the makers of a promissory note will not affect the issue joined with an endorser who is a party defendant to the action.

The fact that the court rendered judgment immediately upon the filing of its findings of fact, and also that the court erred in rendering judgment for costs, cannot be raised for the first time in the appellate court.

The execution of a promissory note on Sunday does not thereby render it invalid in this state.

21—7 WASH.

Where a note provides for reasonable attorney fees, it is not error to give judgment therefor in the sum of $100 when the amount of the note is but slightly in excess of $1,000.

*Appeal from Superior Court, Pierce County.*

*H. W. Lueders,* for appellant.

*Frank D. Nash,* for respondents.

The opinion of the court was delivered by

SCOTT, J. — The respondents had demands in the shape of several past due promissory notes against the defendants, upon which they were all liable. Subsequently a new note was executed to the appellant Hoska by the other defendants, and endorsed by Hoska to the respondents, whereupon the former notes were surrendered. The makers of said note and appellant as endorser were sued by the respondents in one action. Default and judgment was taken against all of the defendants excepting appellant; as to him issue was joined, and a trial had which also resulted in a judgment for the respondents.

It is contended that the appellant, being only an endorser of said note, could not be joined in an action against the makers. But the statute, §146, Code Proc., expressly authorizes this.

It is further contended that after judgment had been rendered against the makers of the note it, in effect, worked a discontinuance of the case; and that it was incompetent thereafter for the respondents to proceed upon the issue joined with Hoska. There is no merit in this contention. It was proper to take judgment against the other defendants on their default. The plaintiffs were not compelled to postpone such judgment until the issue had been determined between them and Hoska.

It is contended that the judgment was prematurely rendered, in that the court rendered judgment immediately

upon the making and filing of its findings of fact. However this may be, it does not appear to have been objected to; nor was there any motion made to set the same aside upon that ground. Furthermore, it appears that appellant lost none of his rights thereby in any event, for he made a motion for a new trial, which was entertained and passed upon by the court.

It is contended that the note sued on was void because it was executed upon a Sunday. Conceding that the proof shows that the note was executed upon a Sunday, the point is not well taken, for a note executed in this state upon Sunday is valid. Our laws relating to the observation of Sunday do not purport to prohibit the transaction of all business or to render ordinary business transactions void. Sec. 211, Penal Code; *Bloom v. Richards*, 2 Ohio St. 387.

It is contended that there was error in rendering judgment for costs, but it does not appear that there was any motion made to re-tax the same in the superior court.

It is further contended that the court erred in rendering judgment for one hundred dollars attorney's fees. The note provided for a reasonable attorney's fee, and the amount of the note being only slightly in excess of one thousand dollars, it is contended that not more than five per cent. could be taxed under the laws of 1885–6, p. 176. But this act was superseded by the act ( Laws 1888, p. 9 ), which provides that "an attorney's fee may be allowed when specially contracted to be paid by the terms of the note or mortgage, in any amount so specially contracted." The fee in this case was fixed by the court, and we do not think there was any error in the premises.

It is contended that the court erred in allowing one of the witnesses for the plaintiff to testify from a memorandum which he held in his hand. This testimony, however, went to an immaterial matter. The cause was tried by the court without a jury, and the court at the time said he re-

garded the testimony as immaterial; consequently, whether error or not, no harm resulted to the appellant.

There are some other propositions urged by appellant in his brief, but in our opinion they are without sufficient merit to warrant a discussion. The proceedings in the superior court appear to have been regular, and we find no error therein.

Judgment affirmed.

DUNBAR, C. J., and STILES, HOYT and ANDERS, JJ., concur.