[No. 4664.   Decided July 2, 1903.]

THE STATE OF WASHINGTON on the Relation of P. J. Hennessy et al., v. THAD HUSTON, Judge of the Superior Court of Pierce County.

JUDGMENTS — VACATION — IRREGULARITY.

Where no challenge to the sufficiency of a complaint had been interposed by defendant, a judgment of dismissal on the ground of its insufficiency, made by the court upon its own motion upon the hearing of an interlocutory motion, while issues of fact were pending for determination, was such an irregularity as to afford ground for the vacation of the judgment, under Bal. Code, § 5153, which authorizes vacation for "irregularity in obtaining the judgment or order."

SAME — APPEAL — OBJECTION MUST BE URGED BELOW.

Irregularity in the entry of a judgment cannot be urged as error on appeal, until after motion to vacate it on that ground has been interposed in the lower court.

SAME — TIME FOR FILING STATEMENT OF FACTS.

The time for appeal from a judgment irregularly entered will not begin to run pending the determination by the trial court of a motion for its vacation, and hence the period for filing a statement of facts will be postponed until such motion is disposed of.

SAME — SUFFICIENCY OF MOTION.

A motion to vacate and set aside a judgment reciting "that this action be, and the same is hereby, dismissed at the plaintiff's costs," is broad enough to authorize the vacation of another portion of the same judgment reciting "that there is no equity in the complaint, and that the equities of this cause are with the defendants," where the latter recital is merely the conclusion of law upon which the dismissal was based.

*Original Application for Mandamus.*

*T. L. Stiles* and *E. L. Parsons,* for relators:

The time for appealing from a judgment of dismissal irregularly entered does not run while the motion to vacate is pending and held under consideration by the court.

*Aspen Mining & Smelting Co. v. Billings,* 150 U. S. 31 (37 L. ed. 986); *Brockett v. Brockett,* 2 How. 240 (11 L. ed. 251); *Memphis v. Brown,* 94 U. S. 715 (24 L. ed. 244); *Voorhees v. Noye Mfg. Co.,* 151 U. S. 135 (38 L. ed. 101); *Andrews v. Thum,* 64 Fed. 149; *Adrian Furn. Mfg. Co. v. Lenawee Circuit Judge,* 52 N. W. 615; *Maxwell v. Martin,* 14 S. E. 7; *Needham v. Salt Lake City,* 26 Pac. 920; *Williams v. Jones,* 69 Ga. 757.

*Fogg & Fogg,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Original application is made in this court for a writ of mandate directed to the superior court of Pierce county and to the Honorable Thad Huston, one of the judges thereof. The petition recites, substantially: That on or about the 16th day of January, 1902, the petitioners commenced an action in said court, in which the Tacoma Smelting & Refining Company, a corporation, and others, were defendants; that at the time of filing their complaint in said action they applied to the respondent, one of the judges of said court, for a temporary restraining order, and that such order was thereupon duly made by respondent in said cause; that on the same date the relators filed in said cause their motion for the appointment of a receiver of the lands and estate of said Tacoma Smelting & Refining Company; that thereafter issues were joined under said complaint and a supplemental complaint by answers and replies; that on the 24th day of February, 1902, said cause came on for hearing before the respondent upon said motion for the appointment of a receiver, and upon said temporary restraining order, and the order to show cause why the same should not be continued in force until the final determination of said action;

that at the conclusion of such hearing said matters were by respondent taken under advisement until the 6th day of March, 1902, when said court, through the respondent, announced its decision and entered judgment as follows:

"This cause came on for hearing on this February 24th, 1902, upon the order heretofore made on the 16th day of January, 1902, and upon the pleadings and evidence adduced; and, after listening to the evidence adduced by the respective parties and arguments of counsel, the case was taken under advisement until this 6th day of March, A. D. 1902. The court, being well advised in the premises, finds that there is no ground for the appointment of a receiver, or for an injunction, and that there is no equity in the complaint, and that the equities of this case are with the defendants.

"It is therefore ordered, adjudged, and decreed by this court that plaintiffs' application for receiver and for an injunction is overruled and denied, and that this action be, and the same is hereby, dismissed at plaintiffs' cost.

"To all of which plaintiffs duly excepted, and their exceptions are allowed."

That no demurrer, motion, or other pleading was at any time served or filed in said cause by any of the defendants therein, except as hereinbefore stated, and that said judgment of dismissal was entered by the respondent of his own motion, without any other or different hearing, opportunity for hearing, or consideration of said cause than as hereinbefore stated; that no trial or opportunity for trial of the issues raised by the pleadings of the respective parties was at any time had; that thereafter, on the 12th day of March, 1902, these relators, as plaintiffs in said cause, served and filed their motion to vacate said judgment; that on March 19, 1902, said motion to vacate came on for hearing before the respondent, and after argument by counsel was taken under advisement by respondent until January 2, 1903, when the same was denied by

order entered of that date; that on the 20th day of January, 1903, the relators filed their notice of appeal in said cause. It is further stated that on said 20th day of January, 1903, the relators duly filed their proposed statement of facts, and thereafter the said defendants filed their proposed amendments thereto; first, insisting that the court was without jurisdiction to settle and certify the proposed statement; and, second, that it be amended by striking out the whole thereof; that the cause came on for hearing upon application to settle and certify said proposed statement of facts, and that the respondent refused to certify the same. The order entered upon the court's refusal to certify the statement contains findings to the effect that all the evidence, papers, matters, and proceedings contained in the proposed statement relate solely and only to matters and proceedings therein alleged to have occurred, and to have been introduced in evidence and considered by the court at the time of the hearing and rendition of the judgment of March 6, 1902; that the proposed statement was not filed or served until more than ten months after the rendition of said judgment, and hence, with respect to said judgment, was filed and served too late, and not within the time limited by law; that no evidence of any kind or character was at any time offered, introduced, or considered with respect to the motion to vacate said judgment, or the order thereon entered January 2, 1903, and said order was not made or based on any evidence whatever; that if there had been any evidence offered in support of said motion, or upon which said order of January 2, 1903, was made, the court would be ready and willing to certify a statement of facts embodying the same, but inasmuch as there was no such evidence, or any evidence in that behalf, there is nothing to be certified.

The above are the essential facts shown by the petition, and upon which a peremptory writ of mandate is sought to compel respondent to sign and certify said proposed statement of facts. At the hearing here the affidavit of respondent was submitted to the effect that the journal and judgment entries set out in the petition are correct transcripts of the record; that on the 24th day of January, 1902, the cause came on for hearing upon the order made January 16, 1902, and upon the pleadings and the evidence adduced, and after hearing and considering the same respondent decided, as shown by his written opinion, which is a part of the record and made a part of the petition herein, that the facts stated in the bill were not sufficient to entitle plaintiffs to relief and that there was no equity in the bill. In the written opinion it was also directed that the bill be dismissed. Respondent's affidavit further states: That after said decision was handed down the said plaintiffs made no motion for leave to amend their pleadings, and no leave to amend was granted, but that plaintiffs elected to stand upon their complaint and supplemental complaint without amendment; that thereupon the final judgment of March 6, 1902, was entered; that no motion for new trial or for a rehearing was ever made; that after the expiration of the time within which a motion for new trial might have been filed, said plaintiffs filed their motion to vacate and set aside the following words of the judgment entry, towit: "That this action be, and the same is hereby, dismissed at plaintiffs' costs;" that the motion was not supported by any affidavit or other evidence, and did not purport to raise any issue of fact, but purported to raise an issue of law to the effect that as a matter of law the court had erred in dismissing the bill; that the motion left the entire remainder of the

then final judgment as it stood and without attack; that is to say, it left without complaint or attack the adjudication that there was no equity in the bill, that no cause of action was stated in the complaint, and that the equities of the case were with the defendants; that, upon plaintiffs' proposed statement of facts being submitted, respondent found they were attempting to prosecute two appeals; first, an appeal from certain words of the final judgment of March 6, 1902, reading as follows: (a) From that portion reading, "That there is no equity in the complaint, and that the equities of this case are with the defendants;" (b) from that part reading, "That this action be, and the same is hereby, dismissed at plaintiffs' costs;" second, an appeal from the order of January 2, 1903, overruling the motion to vacate. Respondent's affidavit further states the reasons for refusing to certify the statement of facts as outlined in the order entered at the time of the refusal, and which have been hereinbefore stated.

It is the contention of relators, first, that the judgment of dismissal entered March 6, 1902, was an irregular judgment, in that the court entered the judgment of its own motion after issue joined under the pleadings, and without any hearing of the issues so joined; second, that before the plaintiffs in said action could have appealed from said judgment of dismissal they were obliged to first call the attention of the trial court to the error complained of by motion to vacate the judgment and to secure a ruling upon such motion; third, that the time for appealing from said judgment of dismissal did not run while the motion to vacate was pending and held under consideration by the court; fourth, that the appeal from the order denying the motion to vacate the judgment brings up for consideration the judgment itself; fifth, that therefore

the proposed statement of facts was filed in time, and should be certified by the trial judge.

It will be observed that the motion upon which the order of January 2, 1903, was entered cannot be treated as an ordinary motion for a new trial, since it does not purport to be such, and in any event was not filed within the time limited by law for filing motions for new trials. It must, therefore, be treated as a proceeding under the statute for the vacation of the judgment of March 6, 1902. Section 5153, Bal. Code, enumerates the grounds upon which such a proceeding may be based. If the judgment sought to be vacated is an irregular one, as contended by relators, it must come within the description of subd. 3 of the above cited section, which is as follows: "For mistakes, neglect, or omission of the clerk, or irregularity in obtaining the judgment or order." It cannot be said that there was any irregularity here, because of "mistakes, neglect, or omission of the clerk," and if any portion of the statute is applicable, it must be the somewhat indefinite words, "irregularity in obtaining the judgment or order." Was there such irregularity in obtaining this judgment as is comprehended by the above statute? The hearing upon which the judgment was entered was upon an application to appoint a receiver in the cause, and also for the continuance pending the action of the temporary restraining order theretofore issued. But the issues had already been joined by the complaint, supplemental complaint, answers thereto, and replies. The hearing was therefore in the nature of an interlocutory one, which may be said to have been merely auxiliary to the main issues, and was not a final hearing on general testimony submitted under the issues joined in the pleadings. The judgment which was entered, being one of dismissal, was final in its nature, and was intended to conclude and determine all matters

involved in the action.    This we believe was an irregularity.    The complaint had not been attacked by demurrer or motion, and no issue of law was raised thereon, except as it was raised by the interlocutory proceedings.    The respondent states in his affidavit that it was his view that he was authorized to pass upon the sufficiency of the complaint, whether it was challenged by demurrer or not.    Granting that to be true, as a general proposition, yet, without a pleading which raised its sufficiency as an issue of law, it would seem that, with issues of fact joined, the question of its sufficiency would not arise for determination until it became involved by offered testimony at the final trial under the main issues. In *Kuhn v. Mason*, 24 Wash. 94, 99 (64 Pac. 182), this court, when speaking of such irregularities as are contemplated by the statute, said:

"Irregularities which are generally invoked for the purpose of vacating a judgment, and which will justify a vacation of the judgment after term time, are where a judgment was entered in favor of the plaintiff before the time for answering had expired, or where the judgment was entered while there was an answer or demurrer on file and not yet disposed of, and other irregularities of this character."

We believe, therefore, that the question of law arising upon the sufficiency of the complaint was prematurely determined, there being nothing to challenge that sufficiency until the issues of fact came on to be heard, and that the judgment of dismissal based thereon was for that reason irregularly entered, within the meaning of the statute.

Having determined that the judgment was irregular, the next question for examination is whether an appeal lies directly from such a judgment, without calling the at-

tention of the trial court to the irregularity and thus giving an opportunity for its correction. In *Belles v. Carroll,* 6 Wash. 131 (32 Pac. 1060), this court held that where a judgment has been irregularly entered against a defendant by default, he should seek a remedy by motion in the court below to set aside such judgment before appealing to this court. The court refused to enter into an investigation of the merits or to affirm the judgment, but simply dismissed the appeal; so that there should be no interference with the right of the appellants to move against the judgment in the lower court. To the same effect is the case of *Pacific Supply Co. v. Brand,* 7 Wash. 357 (35 Pac. 72). An appeal was sought directly from a judgment dismissing an action for want of prosecution. No motion was made to set aside the judgment. The court held that, with the record in that condition, the appeal should be dismissed. The principle here under examination was directly involved in *Poock v. Lafayette Bldg. Ass'n,* 71 Ind. 357. In that case the court rendered final judgment against all the defendants after issues of fact were joined as to one defendant, but without a hearing under said issues. The court held that the objection to the judgment as to the one defendant, which was entered without a hearing, was well taken; but, as no motion was made below to set aside the judgment, the question could not be raised in the first instance in the supreme court. The rule followed in the above case, and in our own cases cited, seems to be reasonable and right in the case of an irregular judgment. In many such cases judgments might be entered inadvertently, and without the court's attention being in any manner directed to the irregularity. In such event it is manifestly fair that a rule shall obtain making it necessary to move against the irregularity

in such a manner as to challenge the court's attention to it before an appeal will lie. It should be remarked in passing, however, that the motion to vacate does not take the place of an appeal in ordinary cases. It is not the province of such motion to secure a re-trial of an issue of fact or law which has been once regularly submitted and determined by the trial court, and the only remedy in such cases is by appeal. But, where there has not been a regular submission of such issues, a condition arises which seems to make the rule above discussed a wholesome and just one. Under such rule an appeal did not lie directly from the judgment of dismissal in question before the interposition of the motion to vacate.

The motion against an irregular judgment being a necessary preliminary to an appeal from the judgment, we are next to inquire when the time for appeal and for filing a proposed statement of facts in support of such appeal begins to run. It seems logically to follow that it must begin to run when the motion to vacate has been determined by the court. Otherwise, the relief intended by the statute against such irregularity would be burdensome and often impracticable. If such were not the rule, then in all such cases a proposed statement would have to be prepared and filed within the usual thirty days, or extended period of ninety days, notwithstanding the statute affords the means of relief against the judgment at any time within one year, which may possibly render a statement of facts and an appeal unnecessary. The respondent cites this court to a number of its decisions where it has held that the proposed statement of facts must be filed within thirty days, or within ninety days, by extension of time under the court's order, and that the utmost limit of time within which it can be filed is ninety days

after the date of final judgment. The cases cited, however, relate to final judgments regularly entered, and were, therefore, not governed by the rule herein discussed relating to irregular judgments.

It is urged by respondent that the motion to vacate attacked only the few words of the judgment which purported to dismiss the action, and left without attack that portion of it which determined that the complaint did not state a cause of action and that the equities were with the defendants. The portion attacked was, however, the active and vital part of the judgment; the judgment itself, in fact, since the remaining words were but the statement of a conclusion of law. With the portion attacked vacated, there would have still been a cause of action pending which could have been finally and regularly heard, at which time the court's view of the law as applied to the complaint under offered evidence would have become vital and active, and might then have regularly entered into a final judgment. We think the motion was, therefore, sufficiently broad upon which to base a vacation of the judgment.

For the reasons herein assigned, we believe the relators are entitled to have their proposed statement of facts certified, and it is ordered that the writ shall issue.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.