[No. 4824.   Decided December 10, 1903.]

P. J. HENNESSY et al., Appellants, v. TACOMA SMELTING & REFINING COMPANY et al., Respondents.[1]

APPEAL—TIME FOR TAKING—MOTION TO VACATE JUDGMENT. Where a motion is made to vacate an irregularly entered judgment dismissing an action, the time for taking an appeal from the judgment begins to run from the date of the order denying the motion, in as much as the motion involves the judgment. (State ex rel. Hennessy v. Huston, 32 Wash. 154, followed.)

APPEAL—DISMISSAL—CESSATION OF CONTROVERSY—DISMISSAL OF SUBSEQUENT SUIT—WHEN NOT A BAR. Where, pending an appeal from a judgment of dismissal, a like suit is commenced in the federal court and also dismissed, the dismissal of the second case by the federal court is not res judicata of the former suit, operating to work a dismissal of the appeal for want of any actual controversy, where the judgment of the federal court is expressly limited to the question whether the complainants are entitled to any relief in equity by reason of facts occurring since the date of the original decree from which the appeal is taken.

JUDGMENT—RES JUDICATA—APPEAL PENDING. A Judgment of the federal court dismissing an action is not res judicata of like matters involved in a prior suit in the state court, when it appears that the federal cause has been appealed to the United States circuit court of appeals, and that no mandate has been received or filed in the clerk's office.

JUDGMENT—PREMATURELY ENTERED WITHOUT HEARING. A judgment entered on the court's own motion after issue joined, without any hearing, trial, or opportunity for hearing, is premature and irregular, and will be reversed on appeal. (State ex rel. Hennessy v. Huston, supra, followed.)

[1]Reported in 74 Pac. 584.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered March 6, 1902, dismissing an action for want of equity upon the court's own motion; and also from an order entered January 3, 1903, denying plaintiffs' motion to vacate the judgment. Reversed.

*Parsons, Parsons & Parsons, T. L. Stiles,* and *Edward L. Parsons,* for appellants. In opposition to the motion to dismiss the appeal, counsel contended, *inter alia,* that the appeal in the federal case removes that cause for a trial *de novo* in the appellate court, and suspends the operation of the federal judgment as an estoppel. *Sharon v. Hill,* 26 Fed. 337; *Day v. De Jonge,* 66 Mich. 550, 33 N. W. 527; *Haynes v. Ordway,* 52 N. H. 284; 2 Black, Judgments, § 510. In this an appeal differs from a writ of error. *Oregonian R. Co. v. Oregon R. & Nav. Co.,* 27 Fed. 277. It cannot be an estoppel, for it is expressly limited to subsequent events. 2 Black, Judgments, § 506; *Cromwell v. Sac County,* 94 U. S. 351, 24 L. Ed. 195; *Marble Sav. Bank v. Williams,* 23 Wash. 766, 63 Pac. 511.

*Fogg & Fogg, W. H. Bogle,* and *Jessie Thomas,* for respondents. Upon the motion to dismiss the appeal, counsel contended, among other things, that the appeal was not taken within the time limited by Bal. Code, § 6502. *National Christian Ass'n v. Simpson,* 21 Wash. 18, 56 Pac. 844; *State v. Symes,* 17 Wash. 596, 50 Pac. 487. The judgment was a final judgment. *State ex rel. Hennessy v. Huston* (Wash.), 72 Pac. 1017. It was not necessary or proper to move its vacation. *Van Horne v. Watrous,* 10 Wash. 525, 39 Pac. 136. It was not "irregularly" obtained. *Noerdlinger v. Huff,* 31 Wash. 360, 72 Pac. 73. The sufficiency of the complaint was challenged, and in an equitable suit the dismissal of a case upon the court's own motion for insufficiency of the complaint may be erroneous,

but cannot be said to be "irregular." *Fougeres v. Jones,* 66 Fed. 316; *Brown v. Piper,* 1 Otto 37, 23 L. Ed. 200; *Quirolo v. Ardito,* 1 Fed. 610; *Baker v. Biddle,* Baldwin 394, Fed. Cas. No. 764; *Earles v. Earles,* 40 Tenn. 366; *Surber's Adm'r v. McClintic,* 10 W. Va. 236; *Kemble v. Cresap,* 26 W. Va. 603; 1 Daniels, Chancery (5th Ed.), p. 801; Fletcher, Equity Plead. & Prac., § 575. The same rule applies where the bill shows that the plaintiff has an adequate remedy at law. *Lewis v. Cocks,* 23 Wall. 466, 23 L. Ed. 70; *Parker v. Winnipisogee Co.,* 2 Black 545, 17 L. Ed. 333; *Hipp v. Joly,* 19 How. 271, 15 L. Ed. 633; *Dumont v. Fry,* 12 Fed. 21; *McGuire v. Pensacola County,* 105 Fed. 677. Or where the bill is multifarious. *Rutherford v. Alyea,* 54 N. J. Eq. 411, 34 Atl. 1078. The fact that an answer has been filed is immaterial. *Fourgeres v. Jones,* and *Brown v. Piper, supra.* Our practice in equity is in accordance with the common law practice. *Somerville v. Johnson,* 3 Wash. 140, 28 Pac. 373; *Waite v. Wingate,* 4 Wash. 324, 30 Pac. 81; *Washington Nat. Bldg. etc., Ass'n v. Saunders,* 24 Wash. 321, 64 Pac. 546; *McKee v. McKee* (Wash.), 73 Pac. 358. Neither the motion to vacate, nor the appeal from the order, can take the place of a direct appeal from the judgment. *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182; *State ex rel Hennessy v. Huston, supra.*

HADLEY, J.—Respondents move the court to dismiss this appeal. It is urged that the appeal was not taken in time, and that this court is without jurisdiction to entertain it. The reasons advanced in support of this phase of the motion were discussed in *State ex rel. Hennessy v. Huston,* 32 Wash. 154, 72 Pac. 1015. In that case a writ of mandate was sought to require the trial court to settle and certify the statement of facts proposed in the case now before us.

It was there contended that the time for appeal in this case began to run from the date of the original judgment of dismissal. But it appeared that a motion had been made to vacate the judgment on the ground that it was irregularly entered. This court held that the motion was well taken, and also that the time for appeal began to run from the date of the order denying the motion to vacate, inasmuch as it involved a judgment irregularly entered. We refer to what was said in that case as decisive against respondents upon this branch of their motion to dismiss the appeal.

The motion to dismiss is further urged upon the ground that there is no merit in the further prosecution of the appeal, for the reason that there is now no actual controversy involving real or substantial rights between the parties to the record, and no subject matter upon which any judgment in favor of appellants can operate. In support of this ground of the motion, it is contended that events occurring subsequently to the judgment have eliminated the controversy involved in this case. This contention is chiefly based upon a certified record filed here from the circuit court of the United States for the District of Washington, Western Division. That record shows that, after the original judgment of dismissal was entered in this case, some of the appellants here filed a bill in equity in the above named court against certain of the respondents here. The bill was dismissed as being without equity against the defendants in the action. It is now urged here by respondents that the subject matter of the two suits is the same, and that the judgment of the federal court is *res judicata* of the matters involved in this case. Appellants, upon the other hand, insist that there is an essential difference between the purposes of the two suits, and that the parties are not the same in each. It does appear from the record that the parties

are not identical, and we deem it unnecessary to discuss the question of the identity of the subject matter of the two suits for reasons which appear in the memorandum decision of the federal court, found in the certified record before us. Referring to the judgment of the superior court in the case at bar, the decision says:

"That decree has not been attacked for fraud, and this court has no power to set it aside. Therefore the issues in this case are narrowed and limited by the plea of *res adjudicata* to the question whether the complainants are entitled to any relief in equity by reason of the facts and transactions since the date of that decree, viz., March 6, 1902."

It is thus apparent that the only question adjudicated by the federal court was whether the complainants in that case were entitled to any relief by reason of facts occurring after the date of the judgment of the superior court. The court expressly declined to adjudicate the matters involved in the superior court case, all of which occurred prior to March 6, 1902.

In any event, however, even if the decision and judgment of the federal court purported to adjudicate the matters involved in the case at bar, it appears by a certificate of the clerk of that court, filed here by appellants, that said cause has been appealed to the United States circuit court of appeals for the ninth circuit, and that no mandate from said appellate court has been received or filed in his office. Under any view of that judgment, it cannot, therefore, now be said to be final and *res judicata* of matters involved in the case on appeal here. The motion to dismiss the appeal is denied.

The merits of this appeal were practically determined by the decision in *State ex rel. Hennessy v. Huston, supra.* It was there held that the judgment appealed from was prema-

turely entered, that it was entered by the court of its own motion after issue joined under the pleadings, and without any hearing, trial, or opportunity for hearing under such issues; all of which made it an irregular judgment.

For the reasons assigned in that opinion, the judgment is reversed, and the cause remanded, with instructions to the lower court to proceed with the trial under the issues joined.

FULLERTON, C. J., and ANDERS, DUNBAR, and MOUNT, JJ., concur.