[No. 6460.  Decided December 5, 1906.]

WILLIAM H. SORRILL, *Respondent*, v. JAMES McGOUGAN
              *et al., Appellants.*[1]

APPEAL—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY.  In an
action to foreclose a mechanics' lien for less than $100, in which the
defendants counterclaim for $350 damages, the amount in contro-
versy is over two hundred dollars, regardless of the finding of the
court.

    APPEAL—REVIEW—FINDINGS.  The findings of the trial court will
not be disturbed because of the conflict in the testimony where there
is evidence to support the judgment.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered May 16, 1906, in favor of
the plaintiff, after a trial on the merits before the court with-
out a jury, in an action to foreclose a mechanics' lien.  Af-
firmed.

*Belden & Losey*, for appellants.
*John C. Kleber*, for respondent.

PER CURIAM.—The plaintiff, W. H. Sorrill, instituted this
action to foreclose a lien for labor and material furnished
by him in the construction of certain flues, fireplaces and
brick mantels in an apartment house belonging to defendants
James McGougan and Barbara McGougan, his wife.  The
original contract price was alleged to be $420.  The plain-
tiff sought to recover $95 remaining due on the contract, and
$10 for extra work.  The defendants denied that any sum
was due the plaintiff, and alleged that the flues were not
built in accordance with the contract; that their construc-
tion was so defective as to cause them to smoke and be unfit
for use; and that the defendants had been thereby damaged
in the sum of $350, for which they asked judgment.

[1]Reported in 87 Pac. 825.

The trial court made findings of fact, to the effect that the defendants, acting through their agent, one T. A. Moar, had entered into a contract with the plaintiff for said work, for the sum of $410; that the plaintiff had completed said contract; that the defendants had paid thereon the sum of $325; that they are entitled to a further credit of $6 for furnishing hoods for the fireplaces, and $10 for cleaning the flues; that there was due and unpaid to the plaintiff the sum of $79, with interest, and that the plaintiff was not entitled to a lien for the reason that his notice had not been filed within the statutory time. From a judgment in favor of plaintiff for $79, interest and costs, the defendants have appealed.

The respondent has moved to dismiss the appeal, contending that although this was originally an action in equity, it ceased to be such when the court found that he was not entitled to a lien, and that the original amount in controversy is less than $200. By their answer the appellants contend (1) that no sum whatever was due the respondent; and (2) that they had sustained damages in the sum of $350, for which they asked judgment. Had the appellants succeeded in fully establishing their counterclaim they would have been entitled to a judgment for $350. The amount in controversy is, therefore, over $200, and the action is appealable without regard to the question as to whether it continued to be an action in equity. The motion to dismiss is denied.

The only question raised upon the merits is one of fact. It appears from the evidence, that the respondent was to perform his contract in accordance with plans and specifications prepared by the appellants' architect, who did not superintend the work; that the appellants' agent, T. A. Moar, was authorized to let subcontracts and superintend all construction as the work progressed; that Mr. Moar was present from time to time during the progress of the building of the mantels, flues, and fireplaces, but failed to object to the char-

acter of work being done by the respondent, or to demand that any change be made; that when the work was substantially finished, he paid respondent on account thereof the sum of $325; that appellants made no complaint as to the character of the work until after the contract had been fully completed, and that appellants' tenants are now using the mantels, fireplaces, and flues. Although there is some conflict in the evidence as to whether the work was actually done in accordance with the plans and specifications, we conclude from the entire record that the findings of the trial court should be sustained, and that they support the judgment, which is affirmed.