[No. 7069. Decided November 19, 1907.]

## G. M. LAURIDSEN, *Respondent*, v. F. S. LEWIS, *Appellant*.[1]

APPEAL—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY. Upon appeal by defendant, the amount claimed by him in a counterclaim is the amount in controversy, and if over $200, the court has jurisdiction of the appeal.

SAME—FINAL JUDGMENT—PREMATURE APPEAL. An appeal by defendant from a judgment denying relief upon his counterclaim is not prematurely taken by reason of the pendency of plaintiff's motion to vacate the judgment denying plaintiff any relief, since the appeal was taken only from the other portion of the judgment, which the plaintiff would have no interest in vacating.

APPEAL—RECORD—STATEMENT OF FACTS. Under Bal. Code, §§ 5057, 5058, the respondent may propose and have certified a statement of facts or bill of exceptions, although the same is unnecessary to present appellant's case; but if the respondent has not appealed or excepted to the findings, the statement serves no useful purpose, and will be struck out.

Appeal by defendant from a judgment of the superior court for Clallam county, Still, J., entered July 9, 1907, upon findings generally in favor of the plaintiff but denying relief to either party, after a trial on the merits before the court without a jury. Motion to dismiss denied. Motion to strike statement of facts granted.

*Trumbull & Trumbull*, for appellant.

*A. W. Buddress*, for respondent.

HADLEY, C. J.—Respondent moves to dismiss this appeal, first, on the ground that the action is one at law for the recovery of money in which the original amount in controversy is less than $200. The appellant, as defendant in the action, interposed a counterclaim for the sum of $244.

"When the defendant files a counterclaim in the trial court and then appeals from a judgment against him, he occupies

[1]Reported in 92 Pac. 440.

substantially the position of a plaintiff appealing from an adverse judgment, and therefore the amount so claimed affirmatively by him becomes the appellate amount in controversy." 1 Ency. Plead. & Prac., p. 734.

A number of authorities are cited in support of the above text. See, also, *Sorrill v. McGougan*, 44 Wash. 558, 87 Pac. 825.

It is, however, further contended that the allegations of the answer do not constitute a counterclaim. We are not willing at this time to say that the facts stated will not support a counterclaim and that we are without jurisdiction for that reason. Inasmuch as there was a trial upon the facts, we think the facts, both alleged and found, must be considered together before finally determining upon their sufficiency, and to do so calls for an examination of the appeal upon its merits.

The second ground of respondent's motion is that the appeal is premature and is not from a final judgment. Findings of facts and conclusions of law were entered on July 5, 1907. The findings were generally in favor of the appellant upon his counterclaim, but the conclusions of law were that the counterclaim is barred by the statute of limitations. On the same day that the findings were entered, judgment was also entered to the effect that both parties are denied recovery by reason of the bar of the statute of limitations. On July 25, respondent filed what he called a "motion to strike findings, conclusions, and judgment." The transcript discloses no order of the court upon the above motion, and it is apparently still pending. The appeal of appellant was taken on August 2, after the filing of the above motion. We are not aware of any authorized procedure for the mere striking of a judgment. Perhaps the motion is, in legal effect, to vacate for irregularity that part of the judgment which denies respondent the right to recover. It is necessarily limited to the vacation of that part of the judgment, inasmuch as respondent has no interest in vacating that part which is in his favor and which

denies recovery to appellant. The appellant does not, however, appeal from that part of the judgment which respondent seeks to vacate, but from that part only which denies to appellant the right of recovery. Appellant's appeal was therefore not taken pending a motion to vacate the real judgment from which he appealed. Respondent insists that the case comes within the rule of *State ex rel. Hennessy v. Huston,* 32 Wash. 154, 72 Pac. 1015, and *Hennessy v. Tacoma Smelting etc. Co.,* 33 Wash. 423, 74 Pac. 584, where it was held that when a motion has been made to vacate a judgment for the reason that it was irregularly entered, the time to appeal begins to run from the date of the order denying the motion. The cases cited are not applicable here for the reason before stated, that in legal contemplation and effect there is no motion pending to vacate the actual judgment which this appeal attacks. The motion to dismiss the appeal is denied.

The appellant proposed no statement of facts in this case, his contention for the purposes of the appeal being that the conclusions of law and judgment as against him do not follow from the facts found. The respondent, however, did propose a statement of facts which was certified, and appellant has moved to strike it. The first ground of this motion is that the statement was proposed by respondent for the sole purpose of aiding him to dismiss this appeal, and that the same was settled without jurisdiction or power in the premises and over the protest of appellant. It is argued, in effect, that the party who appeals is alone competent to propose a statement of facts. Bal. Code, §§ 5057 and 5058 (P. C. §§ 674, 675), certainly authorize any party to any action or proceeding, and at any stage thereof, to propose and cause to be certified a statement of facts or bill of exceptions. It is therefore competent for one who does not appeal to propose a statement and procure its certification, a right which respondent had in this case.

The next ground of the motion is that respondent has not appealed, that the appellant has not excepted to the findings

of facts, and that the statement of facts can therefore serve no purpose in aiding the court to review alleged errors on this appeal. We think this point is well taken. Respondent had the right to propose and cause to be certified a statement of facts, to become a permanent part of the record of the cause, and to be used in the event of an appeal by either party, if its use should become material to the appeal. This statement is therefore properly a permanent part of the records of the cause, and it should not be stricken therefrom. But inasmuch as respondent has not appealed, and appellant makes no contest as to the facts found, the statement serves no purpose on this appeal. The motion to strike it is therefore granted so far as concerns this appeal only.

CROW, MOUNT, DUNBAR, and ROOT, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.