[No. 10414.   Department One.   June 21, 1912.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v.
WILLIAM R. SHOEMAKE *et al.*, *Respondents.*[1]

APPEAL—JURISDICTION—DECISIONS REVIEWABLE—AMOUNT IN CON-
TROVERSY—EFFECT OF COUNTERCLAIM.  Under Const., art. 4, § 4, deny-
ing jurisdiction to the supreme court in actions at law for the re-
covery of money when the original amount in controversy does not
exceed the sum of $200, the supreme court has no jurisdiction of an
appeal in an action to recover demurrage charges in the sum of
$105, in which the defendant claimed to be entitled to the charge and
filed a counterclaim in the same sum; the original amount in contro-
versy being the amount claimed by either party, and not the sum
of the two claims.

Appeal from a judgment of the superior court for Pierce
county, Easterday, J., entered February 15, 1912, upon find-
ings in favor of the defendants, upon an agreed statement of
facts, in an action for demurrage charges.   Appeal dis-
missed.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for appel-
lant.

*Browder D. Brown (J. W. A. Nichols,* of counsel), for
respondents.

GOSE, J.—The plaintiff brought this suit to recover the
sum of $105, demurrage charges for the detention of three
loaded cars for thirty-five days each at one dollar per day
per car, and $4.25, the cost of unloading the cars.   The de-
fendants pleaded a counterclaim for demurrage charges in
a like amount, and for damages.   The case was submitted to
the trial court upon an agreed statement of facts.   The facts
essential to a correct understanding of the case are these:
The plaintiff is a common carrier of state and interstate
freight and passengers.   In pursuance of a written order
therefor, it placed three cars on its loading track at Lacey

[1]Reported in 124 Pac. 385.

station, which the defendant loaded with piling with instruc-
tions to ship to South Aberdeen.   After the cars were loaded
and before they could be moved, the plaintiff was served with
certain notices of liens claimed upon the piles for labor per-
formed in cutting them.   The plaintiff promptly notified the
defendants thereof, and advised them that it could not move
the cars as directed.   The defendants refused to satisfy the
liens or to unload the cars, but demanded that they be
shipped according to instructions.   After the cars had been
loaded and standing in the station at Lacey for thirty-five
days beyond the forty-eight hours allowed by law, the plain-
tiff unloaded the cars at a cost to it of $4.25.   It was fur-
ther stipulated that, if the court held that the plaintiff had
a lawful right to refuse to move the cars in consequence of
the filing and serving of the lien notices, a judgment should
be entered for it for the amount claimed.   Otherwise the
judgment to be entered for the defendants.   Upon these
facts, a judgment was entered in favor of defendants for
their costs, and their counterclaim was dismissed.

The first question presented is one of jurisdiction.   Sec-
tion 4, article 4, of the constitution, provides that the ap-
pellate jurisdiction of this court "shall not extend to civil
actions at law for the recovery of money or personal prop-
erty, when the original amount in controversy or the value
of the property does not exceed the sum of $200," etc.   The
appellant thus concretely states its contention:

"Under these pleadings it was competent for the court to
have rendered a judgment in favor of appellant for $105 and
against respondents on their counterclaim, or in favor of
respondents on the counterclaim for $105 and against appel-
lant dismissing its cause of action.   In either case the pecuni-
ary loss to the losing party would be $210, yiz., the differ-
ence between collecting $105 and paying out $105, or $210."

While the reasoning is ingenious, we do not think it is
sound.   We think that, when the framers of the constitution
used the words "original amount in controversy," they had
reference to the amount severally claimed by the respective

parties in their pleadings. They did not mean that, if the sum of the opposing claims exceeded $200, the court would have appellate jurisdiction. When an action is commenced, the amount sued for is the test of jurisdiction. If the adverse party asserts a counterclaim, he to that extent becomes an actor, and in so far as the question of jurisdiction is involved, he will be treated as if he were commencing an independent suit. We do not think the view urged by the appellant is a correct interpretation of the constitution. The contention that the defeated party would lose $210, "the difference between collecting $105 and paying out $105, or $210," is not sound. The law frequently denies a suitor a part or the whole of his claim, but this is upon the ground that he has no claim which the law recognizes. This view we think harmonizes with the decisions of this court. *Bleecker v. Satsop R. Co.*, 3 Wash. 77, 27 Pac. 1073; *Fidelity & Deposit Co. v. Faben*, 51 Wash. 308, 98 Pac. 764; *Lauridsen v. Lewis*, 47 Wash. 594, 92 Pac. 440. In the *Bleecker* case the words "original amount in controversy" were construed to mean "the amount sued for." In the *Faben* case the court, in construing these words, said:

"It seems manifest from a consideration of the above definition that the amount in controversy to which the appellate jurisdiction of this court extends must be that which was in actual dispute in the beginning before the action was brought, . . ."

In the *Lauridsen* case, the court quoted with approval from 1 Ency. Plead. & Prac., p. 734, as follows:

"When the defendant files a counterclaim in the trial court and then appeals from a judgment against him, he occupies substantially the position of a plaintiff appealing from an adverse judgment, and therefore the amount so claimed affirmatively by him becomes the appellate amount in controversy."

The appellant, in support of its contention on this question, has cited *Lister v. Campbell* (Tex. Civ. App.), 46 S. W. 876; *Winder v. Weaver* (Tex. Civ. App.), 37 S. W.

*376*, and *Lake Shore & M. S. R. Co. v. Van Auken*, 1 Ind. App. 492, 27 N. E. 119. The first two cases were decided by the court of appeals of Texas. The last case was decided by the appellate court of Indiana. In each of these cases the appellate jurisdiction was sustained by adding the plaintiff's claim to the defendant's counterclaim for damages. They are seemingly based upon statutes which used the words the "amount in controversy." Whether the difference in phraseology would justify the divergent views we need not consider. The soundness of these cases is not so apparent as to incline this court to adopt their views. The real dispute here is which party is entitled to the demurrage charge of $105.

The appeal is dismissed for want of jurisdiction.

CHADWICK, PARKER, and CROW, JJ., concur.