[No. 10397.  Department Two.  January 21, 1913.]

GORHAM-REVERE RUBBER COMPANY, *Appellant*, v. BROADWAY
AUTOMOBILE COMPANY, *Respondent*.[1]

APPEAL — DECISIONS REVIEWABLE — AMOUNT IN CONTROVERSY—
COUNTERCLAIM.  Upon an appeal by plaintiff from a judgment of dis-
missal, carrying with it dismissal of a counterclaim acquiesced in
by defendant, the amount sued for is the amount in controversy,
regardless of the counterclaim; and if less than $200, the appeal
will be dismissed.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered December 19, 1911, dismissing
an action on contract, after a trial to the court.  Appeal
dismissed.

*Leopold M. Stern (J. W. Russell*, of counsel), for appel-
lant.

*Hughes, McMicken, Dovell & Ramsey*, and *France &
Helsell*, for respondent.

ELLIS, J.—The plaintiff, a California corporation, as suc-
cessor in interest to Gorham Rubber Company, also a Cali-
fornia corporation, brought this action in February, 1911,
to recover for goods sold to the defendant at an agreed price
of $157.25.  The complaint set up the plaintiff's incorpora-
tion, payment of its annual license fee, sale of the goods, and
nonpayment therefor.  The defendant, by an amended an-
swer, put in issue the incorporation of the plaintiff and the
payment of its license fee, denied the sale, denied failure to
pay, and set up a counterclaim for $557.85.  The counter-
claim was put in issue by the reply.

The cause came on for trial by the court without a jury
on December 5, 1911.  The plaintiff, being then unprepared
to prove payment of the corporate license fee, was permitted
to proceed with the trial, upon condition that it would pro-

[1] Reported in 129 Pac. 89.

cure and present a duplicate receipt for the necessary fee within two days. At the trial the defendant admitted the purchase of the goods and the failure to pay for the same. The plaintiff put in evidence a certificate of the filing of its articles of incorporation in the office of the secretary of state in this state, and a certificate showing that it had appointed an agent in this state, and evidence that it had opened an office and was doing business in this state. Evidence was also taken as to defendant's counterclaim. The court found against the defendant upon its counterclaim, and ordered judgment in favor of the plaintiff for the amount demanded in its complaint. On December 18, 1911, the plaintiff offered in evidence a duplicate receipt for its corporation license fee for the fiscal year beginning July 1, 1911. This on objection was excluded, on the ground that it did not cover the fiscal year in which the action was begun. The plaintiff requested sufficient time to procure a duplicate receipt for the fiscal year beginning July 1, 1910. The request was denied and the action was dismissed. The plaintiff appeals.

The respondent moves to dismiss the appeal, on the ground that the amount in controversy does not exceed $200. It is, of course, admitted that, but for the respondent's counterclaim, which exceeded $200 in amount, the motion would be well taken, since the amount sued for in the complaint was far short of $200. The appellant contends, however, that the original amount in controversy was the amount of its claim plus the amount of the counterclaim. The exact question here presented has never been decided by this court. In several cases we have held that the original amount sued for, and not the amount of the judgment recovered, determines the question of jurisdiction. *Penter v. Staight*, 1 Wash. 365, 25 Pac. 469; *Bleecker v. Satsop R. Co.*, 3 Wash. 77, 27 Pac. 1073; *Trumbull v. School District No. 7*, 22 Wash. 631, 61 Pac. 714; *Kirby v. Rainier-Grand Hotel Co.*, 28 Wash. 705, 69 Pac. 378. We have also held that, upon

an appeal by a defendant, he occupies substantially the position of a plaintiff appealing from an adverse judgment, and that the amount claimed by him in a counterclaim becomes the appellate amount in controversy; and, if over $200, confers jurisdiction though a less amount was sued for by the plaintiff in his complaint. *Lauridsen v. Lewis*, 47 Wash. 594, 92 Pac. 440; citing 1 Ency. Plead. & Prac., p. 734, and *Sorrill v. McGougan*, 44 Wash. 558, 87 Pac. 825. In such a case, upon the principle of mutuality of remedy, the plaintiff would also have the right of appeal. The amount of the counterclaim being involved in the appeal would, if over $200, confer jurisdiction for an appeal by either side.

Here, however, the defendant has not appealed, but has acquiesced in the ruling dismissing its counterclaim, thus in effect abandoning and eliminating the counterclaim from the controversy. The plaintiff has appealed from a judgment dismissing his action, his original claim being for less than $200. The original amount in controversy on the issue raised by the complaint is all that is, or can be, involved in this appeal. Neither party could appeal from the judgment without excepting to the ruling on, and preserving the issue raised by, the counterclaim, which neither party has done in this case. The appellate jurisdiction of this court is determined by the original amount of the controversy involved here, not by what might have been involved had the appeal sought a review of the ruling on the counterclaim. An analogous situation was presented in *Puyallup Light, Heat & Power Co. v. Stevenson*, 21 Wash. 604, 59 Pac. 504, in which it was held, that where subsequent to an appeal in an action for unlawful detainer and damages the possession of the premises was surrendered, leaving but the amount of damages in controversy, which amount was less than $200, this court cannot entertain jurisdiction. The holding in that case is obviously based upon the fact that the original amount in controversy upon the issue sought to be reviewed was less than the jurisdictional amount for appeal.

A careful consideration of this question leads us to the conclusion that the correct rule is that laid down in 2 Cyc. 572, as follows:

"Where no affirmative judgment is rendered in favor of defendant upon a counterclaim, but the result of the suit is simply to defeat plaintiff's claim, his right to appeal depends upon the amount put in controversy by his complaint."

See, also, *Pickett v. Hollingsworth*, 6 Ind. App. 436, 33 N. E. 911.

The appeal is dismissed.

MOUNT, MORRIS, FULLERTON, and MAIN, JJ., concur.