[No. 14990. Department One. February 11, 1919.]

E. M. GORDON *et al., Respondents,* v. C. D. HILLMAN *et al., Appellants.*[1]

CORPORATIONS (196) — CIVIL ACTIONS — PROCESS — AGENTS. Upon conflicting affidavits upon an issue as to whether one B. was an agent of the defendant corporation upon whom service could be made, the court need not believe the positive denial of B., but is warranted in finding him such agent from the showing that his name appeared as such in the city directory and was so listed with the custom house.

APPEAL (159)—PRESERVATION OF GROUNDS—NECESSITY OF MOVING AGAINST DEFAULT. Error in entering default judgment against defendant, upon quashing his special appearance, without giving any opportunity to defend, cannot be urged in the absence of any motion or request for relief in the lower court.

Appeal from a judgment of the superior court for King county, Smith, J., entered March 18, 1918, in favor of the plaintiff, in garnishment proceedings, tried to the court. Affirmed.

*Gay & Griffin* and *Geo. H. Rummens,* for appellants.

*Byers & Byers* and *Aust & Terhune,* for respondents.

MACKINTOSH, J.—The plaintiffs, having a judgment against the defendants Hillman and wife, caused a writ of garnishment to be issued directed to the Pacific Excursion Company. This writ was served upon

[1]Reported in 178 Pac. 625.

one E. S. Bateman. The company made a special appearance and moved to quash the writ on the ground that it had not been served upon a properly qualified representative of the company. In support of this motion, it produced the affidavit of Bateman, who swore that he was neither the president, vice president, secretary, general manager nor managing agent of the Pacific Excursion Company, and not a person recognized in law upon whom service could be made. The plaintiffs filed a counter-affidavit which set up the fact that Bateman's name appeared in the Seattle city directory as manager of the company, and was listed with the custom house as the managing agent of the Pacific Excursion Company. A counter-affidavit of Bateman stated that at one time he had been listed as managing agent, but did not have the full management of the company's affairs. Upon this record the court found that Bateman was, in fact, the managing agent of the Pacific Excursion Company, and dismissed the special appearance. Thereafter the court entered judgment upon the writ of garnishment against the Pacific Excursion Company.

Errors alleged are (1) that proper service could not be effected upon the company by service upon Bateman; and (2) that, after having quashed the special appearance, the court erred in entering judgment by default against the Pacific Excursion Company. In answer to the first contention, it is sufficient to say that the court was not compelled to believe the affidavits of Bateman that he was not the managing agent of the garnishee defendant, and, from the counter-evidence which was produced, had a right to find that he was such agent. The mere fact that his statement is positive is not binding upon the court, which is never bound by testimony which it does not believe.

On the second point, the record does not disclose that any request was made to the trial court for an opportunity to present an answer to the writ, nor was any motion made to vacate the judgment, the only objection which the record discloses being to the order of the court quashing the special appearance. We have repeatedly held that, where no motion is made in the court below to set aside a judgment, this court will not enter into an investigation of the merits of the question as to whether or not such judgment was regular. The parties appealing should have sought some relief from the judgment, by motion or otherwise, in the lower court before their appearance here. *Belles v. Carroll*, 6 Wash. 131, 32 Pac. 1060; *Main v. Johnson*, 7 Wash. 321, 35 Pac. 67; *State ex rel. Hennessy v. Huston*, 32 Wash. 154, 72 Pac. 1015; *Hubenthal v. Spokane & Inland Empire R. Co.*, 43 Wash. 677, 86 Pac. 955.

The judgment is affirmed.

CHADWICK, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.