[No. 3766.    Decided September 13, 1901.]

RUBY E. IRVING *et al., Appellants,* v. J. H. IRVING, *Respondent.*

ABATEMENT OF ACTION — PENDENCY OF APPEAL — CUSTODY OF MINOR CHILD — JURISDICTION OF SUPREME COURT.

Where an appeal has been taken from an order of the court modifying a divorce decree so as to award the custody of the minor child to the mother, and the appeal is pending undisposed of, the fact of such appeal may be set up by plea in abatement in a subsequent action by the father in which he seeks to have the custody of the child awarded to him, since Bal. Code, § 6515, provides that upon an appeal being effectuated the supreme court acquires jurisdiction of the subject matter of the controversy for all necessary purposes.

SAME.

Although a decree disposing of the custody of a minor child does not have the force of *res judicata* but is subject to modification whenever the interests of the child demand it, yet where an appeal has been taken to the supreme court that court alone possesses the sole power to make orders with reference to the custody of the child, and applications therefor should be addressed to that court when changed conditions require a change during the pendency of the appeal.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*Ballinger, Ronald & Battle,* for appellants.

*G. Meade Emory* and *Tucker & Hyland,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—On December 17, 1898, the appellant Ruby E. Irving obtained in the superior court of King county a divorce from the respondent, J. H. Irving, in the decree for which the custody of their minor child, who was then about 16 months old, was awarded to the respondent. In November, 1899, the appellant Irving filed a petition in the court granting the decree of divorce to obtain a modification of the decree in so far as it affected the minor child, praying that its custody be awarded either to her or her foster mother, her co-appellant in this case. The defendant appeared, and took issue upon the allegations of the petition, and a hearing was had thereon, which resulted in a modification of the original decree; the court awarding the custody of the child to the foster mother, granting to each parent the right to visit the child at all proper and reasonable times. The order was entered on January 10, 1900. On the 15th of that month the defendant therein, the respondent here, served and filed a notice of appeal to this court from the order modifying the original decree and within five days thereafter filed an appeal bond conditioned as the statute requires. On the 12th of March following the respondent instituted the present proceeding. In his petition he set out his marriage with the appellant, the subsequent birth of the child in question, the decree of divorce, and the subsequent modification of that decree; that the mother of the child was immoral, and unfit to have the care and custody of the child; that the foster mother, to whom the child had been awarded by the modified decree, was unfit to

have its care and custody; his marriage to another woman, and the acquirement by him of a fixed abode; his fitness for care and custody of the child, and prayed that the court award to him such care and custody. The appellants, for answer to the petition, filed a plea in abatement, setting up, in substance, that the respondent had appealed from the order and judgment of January 10th; that the appeal had never been discontinued or dismissed, and was then pending in the appellate court; and that the questions presented and involved upon the appeal were the same questions presented by the petition then before the court. The respondent demurred to the plea, which demurrer the court sustained, whereupon the appellants answered to the merits, putting in issue the material allegations of the petition, and by way of further and separate answer, again set up the former hearing and judgment and the appeal therefrom. On the hearing the court awarded the custody of the child to the respondent, and restrained and enjoined the mother from visiting the child, or in any manner interfering with it or its custodian. From this order and judgment this appeal is taken.

The appellants contend that the court erred in sustaining the demurrer to the plea in abatement, and in our opinion this contention must be sustained. The statute permits an appeal from orders and judgments of this character. The statute also provides (§ 6515, Bal. Code) that upon the taking of an appeal by notice, and the filing of a bond to render the appeal effectual, the supreme court acquires jurisdiction for all necessary purposes, and has control of the superior court and all inferior officers in all matters pertaining thereto. The subject-matter of controversy in both these petitions was the right to the custody of the minor child. When, therefore, the final judg-

ment was entered in the superior court, and an appeal therefrom was taken to this court, jurisdiction over the subject-matter of the controversy was taken from the superior court and vested here, and this court alone had power, during the pendency of such appeal, to make orders with relation thereto.

It is said, however, that this statute has no application to cases of this character; that inasmuch as the interest of the child is the primary consideration, such judgments do not have the force of *res judicata,* and the power must rest with the superior court to make orders relative to the disposition of the child whenever its interests require it. That such judgments do not have the force of *res judicata* is true only to a limited extent. As we said in the recent case of *Koontz v. Koontz,* 25 Wash. 336 (65 Pac. 546), "a decree of the superior court, which determines the custody of infant children, from which no appeal has been taken, is conclusive upon the court which rendered the decree and upon all other courts, in the absence of a material change in the condition and fitness of the parties, or the requirements for the welfare of the child." This is the rule where there is no appeal, but after an appeal, and while the case is pending in the appellate court, that court possesses the sole power to make orders with reference to the custody and disposition of the child during the pendency of the appeal, and, when changed conditions require a change in the order for such custody, the application therefor should be addressed to that court.

The judgment appealed from is reversed, and the cause remanded, with instructions to overrule the demurrer to the plea in abatement.

REAVIS, C. J., and WHITE, DUNBAR and ANDERS, JJ., concur.