[No. 6544.  Decided December 15, 1906.]

THE STATE OF WASHINGTON, *On the Relation of William I. Davenport et al., Plaintiff,* v. MILES POINDEXTER, *as Judge of the Superior Court for Spokane County, Defendant.*[1]

APPEAL AND ERROR—SUPERSEDEAS—CUSTODY OF CHILDREN AWARDED ON HABEAS CORPUS—JURISDICTION OF SUPREME COURT. Where the custody of minor children is awarded to their mother upon a hearing of *habeas corpus* proceedings, the filing of a supersedeas bond, upon appeal by adoptive parents, does not entitle them to resume custody of the children; since the welfare of the children is the primary consideration, and the supreme court acquires jurisdiction over that subject by virtue of the appeal.

Application filed in the supreme court November 22, 1906, for a writ of habeas corpus to secure the custody of minor children, pending an appeal from a judgment of the superior court for Spokane county, Poindexter, J., awarding such custody to their mother.   Writ denied.

*Hamblen, Lund & Gilbert,* for relators, on the question of the right of appeal, cited: *In Re Bojar,* 7 Wash. 355, 35 Pac. 71; *In Re Baker,* 21 Wash. 259, 57 Pac. 827; *In Re Sylvester,* 21 Wash. 263, 57 Pac. 829; *In Re Barbee,* 19 Wash. 306, 53 Pac. 155; *In Re Foye,* 21 Wash. 250, 57 Pac. 825.   The appellants had a right to supersede the judgment. *State ex rel. German-American etc. Sav. Bank v. Superior Court,* 12 Wash. 677, 42 Pac. 123; *State ex rel. Byers v. Superior Court,* 28 Wash. 403, 68 Pac. 865; *State ex rel. Denham v. Superior Court,* 28 Wash. 590, 68 Pac. 1051; *State ex rel. Washington Match Co. v. Superior Court,* 34 Wash. 123, 74 Pac. 1070; *Packenham v. Reed,* 37 Wash. 258, 79 Pac. 786.   Only questions of jurisdiction can be considered in *habeas corpus* proceedings. *In Re Gillis,* 38 Wash. 156, 80 Pac. 300; *In Re Rafferty,* 1 Wash. 382, 25 Pac.

[1]Reported in 87 Pac. 1069.

465; *Ex Parte Williams*, 1 Wash. Ter. 240; *In Re Lybarger*, 2 Wash. 131, 25 Pac. 1075; *In Re Barbee, supra.*

*Danson & Williams*, for defendant. The lower court had no jurisdiction, after the appeal was perfected, to suspend the operation of the judgment. Bal. Code, § 6515 (P. C. § 1063); *State ex rel. Mullen v. Superior Court*, 15 Wash. 376, 46 Pac. 402; *Fawcett v. Superior Court*, 15 Wash. 342, 46 Pac. 389, 55 Am. St. 894; *Aetna Ins. Co. v. Thompson*, 34 Wash. 610, 76 Pac. 105; *Smith v. Chytraus*, 152 Ill. 664, 38 N. E. 911; Hayne, New Trial and Appeal, pp. 1003, 1004. It was the duty of the court to retain the custody. Bal. Code, § 5834 (P. C. § 1384); 1 Cyc. 757; *Vermont Marble Co. v. Black*, 123 Cal. 21, 55 Pac. 599; *Lough v. Pitman*, 25 Minn. 120. The supersedeas could only suspend further proceedings, and not annul the order or change the custody. *State v. Kirkpatrick*, 54 Iowa 373, 6 N. W. 588; *Bank of British Columbia v. Harlow*, 9 Ore. 338; *New Brighton etc. R. Co. v. Pittsburgh etc. R. Co.*, 105 Pa. St. 13; *Bacon v. Green*, 36 Fla. 313, 18 South. 866; *State v. Johnson*, 13 Fla. 33; *Woolfolk v. Bruns*, 45 Minn. 96, 47 N. W. 460; *Blanchard v. Myers*, 9 Johns. 66; *Kinnie v. Whitford*, 17 Johns. 34; *Ewing v. Jacobs*, 49 Cal. 72; *Rathbone v. Morris*, 9 Abbott's Prac. 213; *Northwestern Express Co. v. Landes*, 6 Minn. 564; *Tilley v. Washburn*, 91 Wis. 105, 64 N. W. 312; *Sherril v. Campbell*, 21 Wend. 287; *Campbell v. Clark*, 2 How. Prac. 257. The giving of the bond simply holds the matter in *statu quo* from that time. *State ex rel. Commercial Elec. L. & P. Co. v. Stallcup*, 15 Wash. 263, 46 Pac. 251, and cases cited; *State ex rel. Byers v. Superior Court*, 28 Wash. 403, 68 Pac. 865; *State ex rel. Mullen v. Superior Court*, and *Fawcett v. Superior Court, supra.* It is not the office of a writ of mandamus to compel the performance of an act when the right to such performance is not clearly established. High, Extraordinary Legal Rem. (3d ed.), § 10; *People v. Mayor etc. of Chicago*, 51 Ill. 17; *State ex rel. Thomas v. Williams*,

99 Mo. 291, 12 S. W. 905; *Silverthorne v. Warren R. Co.*,
33 N. J. L. (Vroom) 372.

Root, J.—This is an original application for a writ of
*habeas corpus* directing and commanding the above-named
respondent to deliver, or to direct the delivery of, the pos-
session, custody and control of Roy Elliott Pierce and John
Edgar Pierce, two minors, to the above-named relators.

The material facts are substantially these: Relators were
awarded the custody of said children by virtue of certain
adoption proceedings, which are claimed by the mother of
said children to have been fraudulent and invalid. Said mother
instituted *habeas corpus* proceedings before the above-named
respondent to recover the possession, custody and control of
said minors, and the cause came on for hearing before said
respondent, the children being brought into the custody of
said court upon the writ issued. During the hearing said re-
spondent directed that said minors should remain in the cus-
tody of one Mrs. Hubbard, the matron of the juvenile de-
partment of said court, and said children were placed in such
custody and were there at the time the court rendered its
final judgment and decree, wherein and whereby the care, cus-
tody and control of said minor children was awarded to their
mother. From this judgment and decree an appeal was taken
to this court, and a supersedeas bond duly filed by these re-
lators. Thereafter, relators made a motion for the delivery
of the possession, custody and control of said minors to them
upon the ground that they had filed the supersedeas bond in
the amount fixed by the court. This motion was denied by
respondent.

It is contended here by relators that the filing of the super-
sedeas bond had the effect of leaving all parties in the posi-
tion they occupied at the commencement of the habeas corpus
proceedings before respondent, and that, as they then had the
possession and custody of the children, they became immed-
iately entitled thereto again upon the giving of said stay

bond, and that a writ should issue requiring respondent to direct the delivery of said minors to relators. We do not think this position tenable. Where minor children are involved a much different consideration is presented than obtains with reference to mere property rights. The welfare of the children is a matter of prime importance and public concern, and must be the subject of careful consideration at all stages of any proceeding wherein their possession, custody or control is involved. In such a proceeding as this, we do not think the giving of a supersedeas bond has any effect whatever upon the possession, custody and control of the minor children in question. It being presumed that the order of the trial judge was correct, and that he was actuated by a consideration for the minors' welfare, it would be against public policy to have that welfare imperiled during an appeal, in the absence of a statute clearly permitting the staying of such orders. The trial court had jurisdiction to take said children into its possession, if it believed that their physical or moral welfare or other substantial interests necessitated such action. When the appeal was perfected, this court became invested with jurisdiction to make such orders as the welfare and necessities of said minors might demand. If, as contended by relator, the present situation of these minors is so unsuitable as to menace their physical or moral welfare or other substantial interests, the question of an appropriate change could doubtless be considered by this court upon a proper showing. *Irving v. Irving*, 26 Wash. 122, 66 Pac. 123. But such a matter is not before us at this time. Relators are basing their right to the immediate possession of said children upon the supersedeas bond given as aforesaid. The giving of such bond does not entitle them to such possession. The application for the writ is denied.

MOUNT, C. J., DUNBAR, HADLEY, and FULLERTON, JJ., concur.

RUDKIN and CROW, JJ., took no part.