[Nos. 13295, 13297.   Department One.   March 1, 1916.]

The State of Washington, *on the Relation of Ethel Clark*, Plaintiff, v. The Superior Court for King County, *Kenneth Mackintosh, Judge*, Respondent.

The State of Washington, *on the Relation of David A. Clark*, Plaintiff, v. The Superior Court for King County, *Kenneth Mackintosh, Judge*, Respondent.[1]

Divorce—Decree—Custody of Child—Enforcement Pending Appeal. Where, by a decree of divorce, the custody of a child had been awarded to two different persons for alternate periods of six months, so that no question of the welfare of the child could be involved, the supreme court will not, by mandamus, compel the lower court to enforce its order, pending appeal, which it had declined to do on the ground of want of jurisdiction; since the supreme court, if it has jurisdiction, may treat the refusal of the lower court as a determination that the welfare of the child is not jeopardized by its remaining where it is.

Same—Suit Money Pending Appeal—Jurisdiction. The superior court retains jurisdiction, after judgment in divorce actions, for the purpose of allowing suit money and attorney's fees pending appeal to the supreme court, and the supreme court will not entertain applications therefor.

Same. The superior court does not lose jurisdiction to allow suit money and attorney's fees pending an appeal from a judgment of divorce by reason of the fact that the decree disposes of the property rights of the parties.

Applications filed in the supreme court January 19 and 20, for a writ of mandamus to compel the enforcement of a decree, and for a writ of prohibition to prevent the hearing of an application for suit money and attorney's fees pending an appeal in divorce proceedings.   Denied.

*Milo A. Root*, for relator Ethel Clark.

*H. E. Foster*, for relator David A. Clark.

[1]Reported in 155 Pac. 398.

CHADWICK, J.—On the 15th day of December, 1915, in a case wherein Ethel Clark was plaintiff and David A. Clark was defendant, the respondent, as superior judge, made and entered an order, *inter alia*, that Margaret Clark, a minor child of the parties litigant, should be, on the 15th day of January, 1916, or as soon thereafter as called for, surrendered by the sister of defendant, in whose possession the child was, to the parents of Ethel Clark; the decree of the court being that the child should be kept for the first six months by the parents of the plaintiff, and at the expiration of the six months the child should be again delivered over to the sister of the defendant; the custody of the child to thereafter alternate between the parents of the plaintiff and the sister of the defendant. The defendant in the divorce proceeding appealed to this court and gave a supersedeas bond in the sum of $600.

The child was not delivered on the first day of January, 1916, nor when called for. The relator Ethel Clark then made application to the respondent for an order directing the defendant to comply with that part of the decree which directed that the child should be placed in the custody of her parents. Respondent, upon the objection of counsel for defendant, refused to hear and consider, or determine the motion, for the reason, as stated in the petition for the writ, that he had no jurisdiction to hear or determine the motion. Relator thereupon applied to this court for a writ of mandamus to compel the respondent to execute its decree in so far as it pertains to the care and custody of the child. The relator relies upon the case of *State ex rel. Davenport v. Poindexter*, 45 Wash. 37, 87 Pac. 1069, wherein it is said:

"In such a proceeding as this, we do not think the giving of a supersedeas bond has any effect whatever upon the possession, custody and control of the minor children in question. It being presumed that the order of the trial judge was correct, and that he was actuated by a consideration

for the minors' welfare, it would be against public policy to have that welfare imperiled during an appeal, in the absence of a statute clearly permitting the staying of such orders.   The trial court had jurisdiction to take said children into its possession, if it believed that their physical or moral welfare or other substantial interests necessitated such action.   When the appeal was perfected, this court became invested with jurisdiction to make such orders as the welfare and necessities of said minors might demand. If, as contended by relator, the present situation of these minors is so unsuitable as to menace their physical or moral welfare or other substantial interests, the question of an appropriate change could doubtless be considered by this court upon a proper showing. *Irving v. Irving*, 26 Wash. 122, 66 Pac. 123.   But such a matter is not before us at this time.   Relators are basing their right to the immediate possession of said children upon the supersedeas bond given as aforesaid.   The giving of such bond does not entitle them to such possession.   The application for the writ is denied."

It may be admitted that the language there used by the court is broad enough to cover the case at bar, but we are not inclined to extend its holding to a state of facts that do not come within the facts of that case.   There the relators had brought a habeas corpus proceeding and had appealed from an adverse judgment.   They gave a supersedeas bond.   The record in that case, as it came to this court, disclosed no more than that the trial judge had found that the relators had no legal right to the care, control, and custody of the child, and further, that the mother was a fit and proper person to have such care and custody. The parties relied entirely upon the supersedeas bond.   In that case the court held that, "the welfare of the children is a matter of prime importance and public concern, and must be the subject of careful consideration at all stages of any proceeding wherein their possession, custody or control is involved."

In the case at bar, an appeal is pending.   The child is in the possession of the sister of defendant, who has been found

to be worthy.   Whether the respondent had jurisdiction to execute his decree by ordering the child turned over to the parents of the relator is of little consequence; for granting, as the
relator admits, that the jurisdiction to make any order for the
protection and welfare of the child is in this court, and having jurisdiction in virtue of the petition of the relator, we
shall, in the exercise of that jurisdiction, treat the refusal of
the respondent as a finding that the welfare of the child will
not be jeopardized by allowing it to remain where it is pending the appeal.   The custody of the child being given to the
parents of relator, and to the sister of defendant for equal
and alternating periods, neither party can claim that the
particular time in which they shall have such custody is of
legal consequence.   It does not go to the welfare of the child,
and that is the only thing this court or the superior court will
inquire into.

This holding makes it unnecessary for us to inquire whether the judgment of the court was self-executing in so far as
it relates to the child, but it may be understood that that
question is not foreclosed by our holding; for it may be that
an appellant in a divorce proceeding might supersede the
judgment, subject, however, to any further order that might
be made by the trial judge pending a final hearing, for this
is not a court of first instance.   This court tries a case upon
the record taken in the court below.   In all actions arising
under the marriage and divorce statutes, there is much room
to argue that the immediate welfare and comfort of children,
as well as the protection and conservation of the property, is
still within the keeping of the superior judge.   He is in position to call witnesses, to hear testimony, and make orders; his
discretion and judgment being, of course, subject to review
by the appellate court.

For the first reason assigned, therefore, we hold—the character and capacity of the sister of the defendant being in no
way challenged—that the welfare of the child does not de-

mand any change in its place of keeping, pending appeal, and the application for the writ is denied.

After the appeal had been perfected in the divorce suit, the plaintiff, Ethel Clark, applied to the court below for an allowance in the way of suit money and attorney's fees. The respondent signifying his willingness to hear and determine her application, the defendant came to this court asking for a writ of prohibition. He contends that the superior court is without jurisdiction, and that the application, if any, must be made in this court. After much controversy of opinion among the judges of this court, it was finally determined in *Griffith v. Griffith*, 71 Wash. 56, 127 Pac. 585, 128 Pac. 636, which holding was reaffirmed in *Lewis v. Lewis*, 83 Wash. 671, 145 Pac. 980, that the superior court had jurisdiction to hear and determine such applications. We are invited to reconsider our holdings, and to distinguish them from the case at bar. We think the case falls squarely within our latest holdings, with which we are satisfied, and the writ will be denied.

In passing, it is not out of place to meet the suggestion that the jurisdiction of the respondent is lost because he has heretofore made decree disposing of the property belonging to the parties to the divorce proceeding; that his decree is a finality; and that, pending the appeal, neither of the parties can have any claim to the property, or support, or maintenance therefrom. Defendant, relator, will lose none of his legal rights if an order is made. In *Griffith v. Griffith, supra*, we held—and our holding in this respect was not overruled upon rehearing—that all sums paid in the way of alimony or suit money pending appeal may be considered in the final disposition of the case, saying:

"In this and all other cases, in the absence of a controlling equity, such allowances will be charged to the wife in the division of the property in case a divorce is granted."

The petitions are severally denied.

ELLIS, MOUNT, MAIN, and FULLERTON, JJ., concur.