[No. 14644.   Department One.   January 28, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Mabel I. McGhee, Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Ernest M. Card, Judge etc., Respondent.*[1]

APPEAL—SUPERSEDEAS—CUSTODY OF CHILDREN AWARDED ON HABEAS CORPUS. A judgment in habeas córpus awarding the custody of a minor child to one of its divorced parents, upon finding that the welfare of the child would be promoted thereby, cannot be superseded pending an appeal therefrom.

COURTS—MANDAMUS—APPLICATION. An application to supersede a judgment awarding the custody of a minor child pending appeal from a judgment in habeas corpus proceedings cannot be treated as an application for a writ of mandate directing an order suspending the judgment to prevent the removal of the child from the jurisdiction of the court, where the superior court has not refused to act in the matter.

COURTS—SUPREME COURT—POWERS. In the absence of notice of appeal and appeal bond, the supreme court cannot, in aid of its appellate jurisdiction, direct supersedeas or suspension of a judgment in habeas corpus awarding the custody of a minor child.

Application filed in the supreme court January 21, 1918, for a writ of mandamus to compel the superior court for Pierce county, Card, J., to fix the amount of a supersedeas bond pending appeal in habeas corpus proceedings.   Denied.

*A. O. Burmeister* and *Carroll A. Gordon,* for plaintiff.
*Henry Conger* and *A. L. Haight,* for respondent.

WEBSTER, J.—Prior to June 8, 1917, L. D. Oar and relator, Mabel I. McGhee, were husband and wife, residing in the state of Nevada, Coral Emeline Oar, a minor child of the age of three years being the issue of this marriage. On that date, by a decree of the district court of Nevada, the parties were divorced, the custody of the minor child being awarded to the mother and father, respectively, for alternate periods

[1]Reported in 170 Pac. 130.

of six months following the entry of the decree. Thereafter the relator married and removed with the minor child to Pierce county, Washington, where she now resides. After the expiration of the first period provided in the decree, the father, who still resides in Nevada, made application to the superior court of Pierce county by habeas corpus proceedings for the custody of the child, and, upon the hearing thereof, the court found that the father was a suitable person to have the care and custody of the child, and announced its decision that the child, which had been in the custody of the court during the pendency of the proceedings, be forthwith delivered to the petitioner therein. Whereupon, relator applied for an order fixing the amount of a supersedeas bond to stay the judgment pending appeal to this court, which being denied, relator filed an original application in this court setting forth in substance the foregoing facts and, in addition thereto, alleging that she is desirous of obtaining a review of the habeas corpus proceeding by appeal, and that, unless prevented, the father will remove the minor child from the jurisdiction of this court, thereby depriving relator of the fruits of such appeal in the event the same is successful. Relator prays that an order be issued by this court requiring the superior court to fix the amount of such supersedeas bond, and that it be prohibited from entering a judgment delivering the custody of the child to its father pending the hearing of this application. An alternate writ issued as prayed, and, on the return day, respondent demurred to the petition upon the ground that the facts therein stated are not sufficient to warrant the granting of the relief sought.

In support of the application, relator contends that, upon the execution of a supersedeas bond, the judgment in the habeas corpus proceeding is stayed and the custody of the child transferred to the relator, in whose custody it was when the proceeding was instituted. We cannot accede to this view. While we have held that an appeal will lie from a final judgment in habeas corpus proceedings, we have never held

that such judgments may be superseded pending appeal. In *State ex rel. Davenport v. Poindexter*, 45 Wash. 37, 87 Pac. 1069, we said:

"It is contended here by relators that the filing of the supersedeas bond had the effect of leaving all parties in the position they occupied at the commencement of the habeas corpus proceedings before respondent, and that, as they then had the possession and custody of the children, they became immediately entitled thereto again upon the giving of said stay bond, and that a writ should issue requiring respondent to direct the delivery of said minors to relators. We do not think this position tenable. Where minor children are involved a much different consideration is presented than obtains with reference to mere property rights. The welfare of the children is a matter of prime importance and public concern, and must be the subject of careful consideration at all stages of any proceeding wherein their possession, custody or control is involved. In such a proceeding as this, we do not think the giving of a supersedeas bond has any effect whatever upon the possession, custody and control of the minor children in question. It being presumed that the order of the trial judge was correct, and that he was actuated by a consideration of the minors' welfare, it would be against public policy to have that welfare imperiled during an appeal, in the absence of a statute clearly permitting the staying of such orders. The trial court had jurisdiction to take said children into its possession, if it believed that their physical or moral welfare or other substantial interests necessitated such action."

This language is so apt as not to require further comment. To the same effect see: *State ex rel. Clark v. Superior Court*, 90 Wash. 80, 155 Pac. 398; *State ex rel. Martin v. Poindexter*, 43 Wash. 147, 86 Pac. 176; *State ex rel. Gibson v. Superior Court*, 39 Wash. 115, 80 Pac. 1108, 109 Am. St. 862, 1 L. R. A. (N. S.) 554; *Willis v. Willis*, 165 Ind. 332, 75 N. E. 655, 2 L. R. A. (N. S.) 244; *State v. Kirkpatrick*, 54 Iowa 373, 6 N. W. 588; *De Lemos v. Siddall*, 143 Cal. 313, 76 Pac. 1115; 12 R. C. L. 1258.

It is insisted, however, that, unless relator is permitted to

supersede the judgment, the father will remove the child from the state of Washington, thereby depriving the relator of the fruits of her appeal in the event of success. The answer to this contention is that the execution of the supersedeas bond will in no way affect the possession or custody of the child pending the appeal nor prevent its removal from the state. It is not the policy of the law to require the doing of a useless thing or the performance of an act that will be ineffectual for any purpose.

Neither can we treat the application as one for a writ of mandate directing the respondent to enter an order suspending the operation of the judgment pending the appeal, or to exercise discretion in making suitable provision for the retention of the child in the state during the pendency of the appeal, for the reason that it does not appear that any such application has been made to respondent or that the superior court has refused to act in the matter. In the absence of such showing, the writ will not issue from this court.

Nor can we, in the aid of our appellate and revisory jurisdiction, grant such relief. It is not shown that relator has given notice of appeal and filed an appeal bond as required by statute to invest this court with jurisdiction in furtherance or aid of which it is authorized to act.

For these reasons, we conclude that the demurrer to the petition should be sustained and the alternate writ quashed. It is so ordered.

ELLIS, C. J., PARKER, FULLERTON, and MAIN, JJ., concur.