[No. 16293.   Department Two.   July 14, 1921.]

# LOUISE JOHNSTON, *Respondent,* v. CHARLES J. JOHNSTON, *Appellant.*[1]

APPEAL (45)—DECISIONS APPEALABLE—ORDER AWARDING CUSTODY OF CHILD.   An order modifying the order made in a divorce proceeding awarding the custody of a minor child is appealable.

SAME (102)—RIGHT TO APPEAL—CESSATION OF CONTROVERSY—LAPSE OF TIME.   An order awarding the custody of a child to one parent for a prescribed period, "and until the further order of this court," being a continuing order unaffected by the expiration of the prescribed period, is appealable.

SAME (175)—REQUISITES FOR TRANSFER—MOTION TO VACATE JUDGMENT.   The rule requiring an application to the superior court to correct an irregular order before appealing therefrom does not apply where judgment was entered without power or authority in the court to render the judgment.

DIVORCE (96, 97)—CUSTODY OF CHILD—POWER TO AWARD—JURISDICTION OF JUVENILE COURT.   A judge of the superior court sitting as a judge of the juvenile court, and who had not tried the divorce action in which custody of the child was awarded to a parent, would have no power to modify the order for its custody upon the report of the juvenile officer, there being no showing that the child was dependent or delinquent under the provisions of Rem. Code, § 1987 *et seq.,* known as the juvenile act.

Appeal from a judgment of the superior· court for Kitsap county, Dykeman, J., entered June 22, 1920, modifying an order in divorce for the custody of a minor child.   Reversed.

*Tucker & Hyland (Ford Q. Elvidge,* of counsel), for appellant.

*H. E. Gorman,* for respondent.

MAIN, J.—This is an appeal from an order taking the custody of a child from its father and awarding it to the mother.   On July 5, 1916, the plaintiff was

[1]Reported in 199 Pac. 737.

awarded a decree of divorce from her then husband, the defendant. The trial court found both parties suitable persons to have the custody and control of their only ˙child, a daughter, who was then six years old, but awarded its custody to the father, reserving to the mother the right to see it at all reasonable times and places. In March, 1919, the plaintiff filed a petition asking that the decree relative to the custody of the child be modified and that the custody be awarded to her. The allegations of this petition, after being amended, were denied by the defendant, and upon the issues thus framed, the cause, on May 17, 1920, came on for trial before the Honorable Walter M. French, judge of the superior court for Kitsap county. A hearing was had on that date in which both parties introduced testimony, and at the conclusion thereof the trial judge indicated a desire to have a report on the matter from the juvenile officer of his court. The proceedings were thereupon adjourned until such time as the report could be received.

Before the report of the juvenile officer was received, Judge French departed from the state to be gone some little time, and directed that all juvenile matters in his court should be heard by Honorable King Dykeman, one of the judges of the superior court of King county, or another judge of the latter county. On June 22, 1920, Judge Dykeman, while sitting as a visiting judge in Kitsap county, made an order awarding the custody of the child to the plaintiff, its mother. This order was based upon the report of the juvenile officer which was then on file. From the order awarding the custody of the child to the mother, the defendant appeals.

The respondent moves to dismiss the appeal for three reasons, which will be briefly considered. First, it is claimed that the order is not a final order and

therefore is not appealable. In *Irving. v. Irving*, 26 Wash. 122, 66 Pac. 123, where there was an appeal from a similar order, it was held that "the statute permits an appeal from orders and judgments of this character." Since the decision of that case, it has been the uniform practice of this court to entertain such appeals. Anything that may have been said to the contrary in *Tierney v. Tierney*, 1 Wash. Terr. 569, cannot now be regarded as the law.

Second, it is claimed that the appeal should be dismissed because the period named in the order during which the custody should be changed has expired and that there is nothing now to appeal from. The order recites that the custody of the child should be given to the mother "during the period of school vacation during the months of June, July, and August and until the further order of this court." Under this order, the period during which the mother would hold the custody of the child would not expire with the end of the month of August named in the order, but would continue until the further order of the court. Orders containing this latter provision as above indicated were held to be appealable in *Irving v. Irving, supra*.

The third position on the motion is that the judgment entered by Judge Dykeman was irregular and that, before an appeal would lie, it was necessary to make an application to the superior court to have a proper judgment entered. The judge entering the order did not hear the testimony upon the trial, and as above stated, based the order upon the report of the juvenile officer. This was not an irregular judgment, but one entered without power or authority to do so. It does not come with the rule of the case of *State ex rel. Hennessy v. Huston*, 32 Wash. 154, 72 Pac. 1015, where it was held that it was necessary,

under the facts of that case, to make an application to the superior court to correct an irregular order before appealing therefrom.

The motion to dismiss the appeal will be denied. Upon the merits, there can be little ground for controversy. The case came on before Judge French and the issue as to the custody of the child was regularly tried and referred to the juvenile officer for a report. It is not claimed that the child was dependent or delinquent under the terms of the juvenile act (Rem. Code, § 1987 *et seq.*). The child not coming within the provisions of this act, Judge Dykeman, while sitting as a judge of the juvenile court for Kitsap county, would have no right to interfere with its custody based solely upon the report of the juvenile officer, and, since he did not hear the testimony upon the trial, had no power or authority to enter the judgment. Rem. Code, § 54, subd. 2.

The judgment will be reversed and the cause remanded.

PARKER, C. J., MITCHELL, and TOLMAN, JJ., concur.