[No. 31426. Department Two. June 5, 1950.]

HERSCHEL WALKOW, *Respondent*, v. ELIZABETH WALKOW, *Appellant.*[1]

*Durham, Guimont & Durham,* for respondent.

*Koenigsberg & Oseran,* for appellant.

[1]Reported in 219 P. (2d) 108.

Hill, J.—There is an appeal pending in this court by Elizabeth Walkow from a decree of divorce entered in the superior court for King county on the fourth day of February, 1950, granting a divorce to both parties, the custody of two minor children, now nine years of age, to the respondent, Herschel Walkow, and providing that the appellant, Elizabeth Walkow, shall have the children with her during the month of July of each year.

The appeal cannot be heard prior to the September term of this court. The respondent husband, believing that a situation has arisen whereby the safety and welfare of the children would be imperiled were the appellant wife to have them for the month of July, 1950, in accordance with the terms of the decree appealed from, asks the intervention of this court to modify the decree by suspending the operation of that portion of it pending the determination of the appeal.

The first question to be determined is whether the respondent husband's application for relief is properly addressed to this court.

■ We have consistently held that, when an appeal to this court is perfected in a divorce case, the superior court loses all jurisdiction to change or modify the decree appealed from, and that, while the appeal is pending before us, this court has the sole power to make orders with reference to the custody and disposition of children when changed conditions require revision of the order for such custody. *Irving v. Irving*, 26 Wash. 122, 66 Pac. 123; *State ex rel. Davenport v. Poindexter*, 45 Wash. 37, 87 Pac. 1069; *State ex rel. Clark v. Superior Court*, 90 Wash. 80, 155 Pac. 398; *State ex rel. Wilkerson v. Superior Court*, 108 Wash. 15, 183 Pac. 63; *Pike v. Pike*, 24 Wn. (2d) 735, 167 P. (2d) 401, 163 A. L. R. 1314.

■ It has likewise been recognized that provisions relative to the custody of children cannot be superseded pending an appeal. *Sewell v. Sewell*, 28 Wn. (2d) 394, 184 P. (2d) 76, quoting *State ex rel. Davenport v. Poindexter*, supra.

The appellant wife, in opposing the respondent husband's application to this court, relies upon the case of *Sewell v.*

*Sewell, supra.* That case, however, concedes that during the pendency of an appeal any modification or change in a decree relating to the custody of children must be made in this court, but holds that the superior court may, by appropriate action, compel the enforcement of the custody provisions of the decree appealed from during the pendency of that appeal.

It is also urged that the Laws of 1949, chapter 215, p. 698, makes drastic changes in our law relative to divorces, and that by the terms of § 11 of that act the trial court has authority to make any order that may be necessary. The latter part of § 11, referring to the decree entered in a divorce case under that act, reads as follows:

"Such decree as to alimony and the care, custody, support and education of children may be modified, altered and revised by the Court from time to time as circumstances may require. Such decree, however, as to the dissolution of the marital relation and to the custody, management and division of property shall be final and conclusive upon both parties subject only to the right to appeal as in civil cases, and provided that the Trial Court shall at all times including the pendency of any appeal, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice."

The first sentence of the quoted portion of § 11 can have no reference to the period after an appeal has been perfected and while that appeal is pending in this court, because once the appeal has been perfected the superior court has no jurisdiction to modify or change the decree appealed from. The second sentence of the quoted portion of § 11, which purports to give the trial court, during the pendency of any appeal, the power to grant any and all restraining orders necessary to protect the parties and secure justice, is but the writing of our holding in the *Sewell* case into the statute. The superior court can see that any order that has been made relative to custody is enforced, or can restrain a violation of it, but the act in question does not pretend to give the superior court power to modify or amend the order appealed from, during the pendency of the appeal.

■ We are therefore of the opinion that, since the respondent husband seeks an immediate modification of the custody award, this court is the only tribunal to which he could make such an application. We are further of the opinion that, on the showing made, there is reason to believe that it may not be to the best interests of the children of the parties to permit the appellant wife to have them during the month of July, 1950. However, it is clear that affidavits and counter-affidavits are not a satisfactory basis for the determination of the issue presented. The appellant wife and other witnesses which either party may choose to call should be heard; and it may be that an examination of the appellant wife should be made by a disinterested psychiatrist and his testimony taken.

It is obvious that this court cannot adequately determine the issue presented, and we therefore forthwith remand this case to the superior court for King county, for the sole purpose of determining whether or not the best interests of the children of the parties require that that portion of the decree entered on February 4, 1950, reading as follows:

"That the defendant [appellant], Elizabeth Walkow, be and she is hereby granted the right to have said children with her for one month each year, beginning the 1st day of July and continuing through the 31st day of July, during which time said children shall be in the care of the defendant and at the end of said period, said children shall be returned to the care of the plaintiff [respondent], Herschel Walkow";

should be in any way modified or amended so far as it relates to the month of July, 1950, and, if so, to make such modification or amendment as seems proper, and then to return the case to this court with a proper certification as to what has been done under and by virtue of this remand.

This remand of the case will not extend the time for any procedural step in connection with the appeal. Costs in this court will abide the determination of the trial court as to whether or not the provision in the decree referred to shall be modified.

ROBINSON, MALLERY, GRADY, and HAMLEY, JJ., concur.