[No. 31757. Department One. July 26, 1951.]

ANNA COOPER, *Appellant*, v. ROBERT W. COOPER, *Respondent*.[1]

[1]Reported in 234 P. (2d) 492.

*Dobson & Houser, Rummens, Griffin & Short*, and *Paul R. Cressman*, for appellant.

*Kennett, McCutcheon & Soderland*, for respondent.

Hill, J.—An appeal is pending in this court in the above entitled divorce action. The respondent has moved to modify the decree of divorce by denying the appellant all visitation privileges with the minor child of the parties, a boy who will soon be eight years old, until the further order of the court. This motion is based upon affidavits apparently establishing a mental condition on the part of the appellant which would make it undesirable for the boy to be with her even for a visit of a few hours.

The portion of the decree which it is desired to have modified is as follows:

"Plaintiff [appellant] shall, until further order of the court and conditioned upon the visitation being exercised without conflict or harm to the child's welfare, have the right to visit with the minor child of the parties as follows: Defendant [respondent] Robert W. Cooper shall take the said child to the plaintiff's home, so long as it be in King County, Washington, leave him there for visitation purposes and pick him up thereafter, once each week on the day and for the period of time set forth hereinafter:

"On Sunday afternoon from two to five o'clock; except that if defendant Robert W. Cooper shall be working first shift on any Sunday, the visitation that day shall be from 5:30 p. m. to 7:30 p. m. o'clock; and if said defendant shall be working second shift on any Sunday, the visitation shall be from 12 noon to 2:30 p. m. o'clock on Sunday; and said defendant shall give plaintiff at least one day's notice thereof."

The respondent asks, in the alternative, if we will not make the modification requested on the basis of the affidavits submitted, that we follow the precedent established in *Walkow v. Walkow*, 36 Wn. (2d) 510, 219 P. (2d) 108,

and remand the case to the superior court for the purpose of having it determine whether or not the best interests of the child require modification of the appellant's visitation privileges pending the determination of the appeal.

Our rulings on the following points are explicit:

■ (a) Provisions in a divorce decree relative to the custody of children cannot be superseded during the pendency of an appeal. *Walkow v. Walkow, supra,* and cases cited therein.

■ (b) The superior court which enters a divorce .decree may, by appropriate action, compel the enforcement of the custody provisions of the decree during the pendency of an appeal. *Sewell v. Sewell,* 28 Wn. (2d) 394, 184 P. (2d) 76; *Walkow v. Walkow, supra.*

■ (c) The superior court which grants a divorce decree cannot change or modify the custody provisions of the decree during the pendency of an appeal; and the supreme court is the only one that can entertain an application for such a change or modification during that period. *Walkow v. Walkow, supra.*

■ (d) When an application for such a change or modification has been made to the supreme court and both parties have had an opportunity to be heard and the parties are not in accord as to what should be done, if it appears to the supreme court that there may be a justification for such change or modification and that an issue of fact has been raised, that court will, for the reasons given in *Walkow v. Walkow, supra,* remand the same to the superior court for the purpose of determining the facts and making such changes or modifications as it finds advisable, within the limits indicated by the order of remand.

Respondent urges that there is no issue of fact, as the affidavits concerning the mental condition of the appellant filed in support of his motion have not been controverted; however, the appellant insists that before any change or modification is made she has a right to cross-examine the individuals who made the affidavits upon which respondent relies. To this the respondent rejoins that, in any event, he is entitled to have the cause remanded to the superior court

for the purpose of determining whether the best interests of the child require the change or modification of the decree with reference to the visitation privilege, as was done in *Walkow v. Walkow, supra.*

Here the trial court apparently anticipated that a situation might arise whereby the continuance. of visitation privileges would be detrimental to the child's welfare, and inserted in the decree that her rights of visitation were conditioned "upon the visitation being exercised without conflict or harm to the child's welfare." If appellant were at this time asking for her visitation privileges (it appears that she is presently without the state), the respondent could, in the trial court, under the express terms of the decree, present the issue of whether or not the visitation privilege could be exercised without harm to the child's welfare. The superior court would not, in passing thereon, be modifying or amending the decree appealed from, but would be making the decree effective, which it has a right to do. Laws of 1949, chapter 215, § 11, p. 701; *Sewell v. Sewell, supra*; *Walkow v. Walkow, supra.*

■ We reaffirm propositions (a) to (d) as heretofore stated, adding what seems to be self-evident, that they should apply to visitation privileges as well as to questions of custody; and we supplement (b) by adding thereto: When visitation privileges in a divorce decree are made contingent upon the the right of visitation being exercised without harm to the child's welfare, the superior court can, during the pendency of an appeal, as part of the enforcement of its decree, restrain the exercise of the visitation privilege when it is satisfied that the exercise of that privilege would be detrimental to the child's welfare.

This holding is not in conflict with either what we said or what we did in *Walkow v. Walkow, supra.* A comparison of the wording of the *Walkow* decree (see p. 513 of 36 Wn. (2d)) and the decree in the present case will make the basis of distinction abundantly apparent.

Respondent's motion is denied.

SCHWELLENBACH, C. J., BEALS, and DONWORTH, JJ., concur.

FINLEY, J. (concurring in the result)—Aware of the rule of *Walkow v. Walkow*, 36 Wn. (2d) 510, 219 P. (2d) 108, that a superior court cannot modify its custody, and inferentially its visitation provisions, in a divorce decree while an appeal is pending, confronted with a decree as to visitation privileges containing language that might be interpreted or applied by the superior court with some flexibility without any change or modification of the language itself, but in the position of having to act at his peril in restricting visitation privileges unless subsequently the superior court should agree with him that changed circumstances justified the restriction, the respondent brought his problem here on a motion for the supreme court, (1) to modify the decree, or (2) to direct the superior court to hear and ascertain the facts, and then determine whether modification was indicated in the best interests of the child concerned in the matter.

It appeared to me that the most clear cut and precise solution was to refer the problem back to the superior court with authority to modify the decree if that was deemed necessary after hearing and ascertaining the facts.

Such procedure would have resolved doubts antecedently and relieved respondent of any burden of having to act at his peril. He, thereby, could know exactly where he stood, what he could and could not do. The same result appears to be capable of accomplishment under the majority opinion through authorized interpretation or flexible application of the existing decree or its language by the superior court. The possibility or necessity for changing the language of the decree itself is avoided altogether. This assumes, of course, that respondent, upon application and a proper showing to the superior court, can be protected by an order or other tangible court action relieving him of the duty of exact compliance with the existing decree. In other words, that, while the appeal is pending, he shall not have to act at his peril subject to subsequent court approval or disapproval.

On the basis of the foregoing assumptions respecting the majority opinion, I concur in the result.