[No. 32082.   Department Two.   August 28, 1952.]

RAY E. BLANKENSHIP, *Appellant*, v. RAMONA BLANKENSHIP, *Respondent*.[1]

*Don G. Abel*, for appellant.

*Lee J. Campbell*, for respondent.

PER CURIAM.—This is a child-custody case. The husband was awarded a divorce from the wife on evidence which might well have justified the trial court in awarding the custody of their then eighteen-months-old child to the father. The trial court, however, awarded the custody to the mother, but with a provision which gave the father the right to take the child from five o'clock p. m. each Thursday until five o'clock p. m. each Sunday. This gave the child to the mother for four days of the week and to the father for three days of the week. Such a frequent passing back and forth of the child between the parties is usually objectionable, and both parties argue that it should be changed.

We are satisfied that the trial court made such an arrangement only because of the then seeming possibility of a reconciliation between the parties. The decree provided that when the husband had the child it should be kept at the home of his parents, and when the wife had the child it was to be kept at the home of her grandfather. This obviously was not intended to be a permanent arrangement. A reconciliation did not materialize, and both parties, we are advised, have remarried.

We are of the opinion that this is a case in which the trial court's well intentioned and justifiable efforts to promote a reconciliation "backfired" by reason of the attitude of the parties and the taking of an appeal, which "froze" the situation and made any modification of the decree impossible during the pendency of the appeal, unless remanded by this court for that purpose. *Walkow v. Walkow*, 36 Wn. (2d) 510, 219 P. (2d) 108 (1950); *Cooper v. Cooper*, 39 Wn. (2d) 28, 234 P. (2d) 492 (1951).

Any disposition we might make of the case would be a futile gesture in view of the changed conditions of the parties, which would warrant the immediate filing of a petition for modification by one or both of the parties. We are therefore remanding the case, with instructions to the trial court to reopen the issue of custody to make such determination of that issue as the present condition and attitude of the parties and the best interests of the child may justify.

Neither party will recover costs on this appeal.

[1] Reported in 247 P. (2d) 542.