Clyde Gene WARR, Plaintiff in Error,

v.

Elizabeth Louise WARR, Defendant in Error.

Nos. 39735, 40034.

Supreme Court of Oklahoma.

July 23, 1963.

Rehearing Denied Sept. 17, 1963.
Second Rehearing Denied Nov. 19, 1963.

V. P. Crowe, Paul R. McDaniel, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for plaintiff in error.

Berry & Berry, Oklahoma City, for defendant in error.

John H. Cantrell, Lee B. Thompson, Oklahoma City, pro se.

HALLEY, Vice Chief Justice.

Parties will be referred to as in the trial court.

Plaintiff and defendant were married on April 29, 1944, in Fort Smith, Arkansas. Defendant was a lieutenant in the Army of the United States stationed at Camp Chaffee. To this marriage three daughters were born. Their ages at this time are Katherine Louise, eighteen years; Genese Ann, sixteen years; and Mary Beth, twelve years. On August 26, 1959, the plaintiff filed this suit for divorce.

After a long trial which lasted over a period of several months a divorce was granted the plaintiff on grounds of incompatibility.

Most serious charges of extreme cruelty were testified to by the plaintiff and the oldest daughter and categorically denied by the defendant. We cannot take much stock in the plaintiff's charges of extreme cruelty extending over several years, when at Christmas time in 1958, she wrote the defendant the following letter:

"My Beloved Husband,

During all the rush & hustle of this lovely season I must stop & think of the beautiful. My true beauty is the unselfish love you have brought to my life. My faith & trust in you is only equal to that that we share in our gracious Lord, Jesus. Thank you for my home you have provided, thank you for our lovely children, thank you for all the silent trust you have put in me by chosing (sic) me as your wife. I promise to in some way show you my gratitude for your gift of yourself by attempting to keep your home for you as you would have me to.

I love you

Betty"

This was only a few months before she filed her suit for divorce. The plaintiff's explanation of why she wrote the letter and so soon thereafter filed suit for divorce does not make sense nor does it have the ring of sincerity.

The defendant has raised three grounds for reversal of the trial court's judgment, which are:

"I. The trial court awarded an excessive amount to the plaintiff by its division of the jointly acquired property, its award of alimony, and its allowance of attorneys' fees, and it is the duty of this Court to set aside the decree and enter such decree as the trial court should have entered.

"II. The trial court awarded custody of the children and set visitation rights without regard to the best interests of the children and this Court should rectify that judgment.

"III. The trial court erred in denying defendant's Petition for New Trial, since the newly discovered evi-

dence would change the result in the divorce action."

We have read the record in this case which is quite lengthy.

■■ This Court will review all the evidence on an appeal in a divorce proceeding and cause such judgment to be entered that seems just and proper. Privett v. Privett, 93 Okl. 171, 220 P. 348; Williams v. Williams, 103 Okl. 194, 229 P. 797.

■ We agree as to defendant's first proposition. We think that the jointly accumulated property should be divided equally between the parties. Although the plaintiff was allowed a little more than one-half of the jointly acquired property we will not disturb that part of the judgment but permit it to stand. That part of the judgment that gives to the plaintiff $210,000.00 as alimony, should be cut exactly half in two and that sum should be paid in half the amounts fixed on the dates in the final decree.

In regard to the child custody we will permit the judgment to stand as to the two older daughters, as one is eighteen and the other sixteen. As to the youngest child the judgment should be modified giving the father complete custody of this child for the month of July of each year until she becomes eighteen years old in addition to the rights of visitation fixed in the judgment of April 10, 1961.

The allowance of $5,400.00 a year for the support of the three children was not challenged by the defendant.

■ As to the attorneys' fees we realize contested divorce cases are time consuming for the lawyers engaged in them and require "the patience of Job." We think counsel for plaintiff did a capable job in the trial court. However, in light of our reduction in the amount of alimony to be allowed we think the total attorneys' fees to be allowed for the trial in the district court should be $17,500.00 in addition to the $2,500.00 previously allowed, making a total in the trial court of $20,000.00.

■■ Defendant's third ground for reversal of this case was that the trial court erred in not granting a new trial on the ground of newly discovered evidence which would require a change of the result in the original action. The defendant filed a petition for new trial on the 8th of November, 1961, in this same cause in the trial court. The petition in error in the case at bar was filed in this Court on July 7, 1961. The trial court heard evidence in support of the petition for new trial and sustained a demurrer to the evidence. We see no error in the action of the trial court. When the appeal was taken in the original case the trial court lost jurisdiction of the case and the parties thereto. The evidence offered on the petition for new trial did not exist at the time of the original trial. We said in State Exploration Company v. Reynolds, Okl., 344 P.2d 275, that facts and circumstances that did not exist at time of the original trial cannot be considered as newly discovered evidence.

The defendant filed an appeal from the action of the trial court in sustaining a demurrer to the evidence offered on the petition for new trial and appealed that matter to this Court in case numbered 40,034. That case has been consolidated with this case for the purpose of briefing.

■ Since we think that the filing of the appeal in this Court divests the trial court of any jurisdiction in this case, there is no ground for the trial court to take any further action until this Court sends it back to the trial court. We call attention to some authorities on this question. We said in numerous cases that the jurisdiction of the trial court is suspended while a case from it is pending on appeal to this Court. Wagoner Oil & Gas Co. v. Goad, 136 Okl. 29, 275 P. 1036; Mires v. Hogan, 79 Okl. 233, 192 P. 811; City of Sapulpa v. Young, 147 Okl. 179, 296 P. 418.

In 27A C.J.S. Divorce § 192, this statement is made:

"In general, the effect of an appeal which operates as a supersedeas is to transfer jurisdiction and remove the

entire proceeding to the appellate court and to deprive the lower court of further jurisdiction in the case except as to collateral matters not involved in the appeal. While an appeal does not disturb or abrogate the divorce decree, it ordinarily suspends the operation of the decree on appellant's rights."

See Walkow v. Walkow, 36 Wash.2d 510, 219 P.2d 108.

The defendant contends that, under the second paragraph of 12 O.S.1961 § 1280, which is as follows:

"An appeal from a judgment granting or denying a divorce shall be made in the same manner as in any other case, provided, however, that a proceeding for reversal or modification of such judgment must be commenced within three (3) months from the date of the decree appealed from. If notice be given and an appeal be commenced from a decree of divorcement, the decree does not become final and take effect until the appeal shall be determined.",

the divorce is not final until the appeal has been determined. This question does not have to be answered now. Until this section was amended in 1957 a divorce was final when rendered by the trial court. Stanfield v. Stanfield, 22 Okl. 574, 98 P. 334.

The question of misconduct on the part of the plaintiff has not been properly raised before this Court, the only proper tribunal before which it could be raised after the perfection of appeal since as we have said the evidence tendered was not newly discovered but was wholly nonexistent at the time of the original trial.

The judgment of the trial court in case numbered 39,735 is affirmed except as modified as heretofore indicated and case numbered 40,034 is dismissed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS and BERRY, JJ., concur.

JACKSON and IRWIN, JJ., dissent.